500 So.2d 728 (1987)
Mark CAINES, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1020.
District Court of Appeal of Florida, Second District.
January 9, 1987.
*729 James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Defendant Mark Caines pled nolo contendere to charges of obstructing or opposing an officer without violence and loitering and prowling. He reserved the right to appeal the trial court's denial of his motion to dismiss the obstruction charge. The trial court adjudged Caines guilty of each charge and sentenced him to the time he had served in the county jail. This appeal ensued.
The gravamen of the state's information on the obstruction count was that Caines violated section 843.02, Florida Statutes (1985), by knowingly obstructing a law enforcement officer who was investigating a crime without offering or doing violence to the person of the officer, to-wit: "by giving a false name and address... ."
Defendant filed a motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4) alleging that the giving of a false name and address to a police officer does not constitute a violation of section 843.02. The state demurred adding the following salient facts:
(1) On November 30, 1984, the Defendant, MARK CAINES, was arrested for Grand Theft Auto.
(2) MR. CAINES, at the time of his arrest lied about his name and date of birth and indicated he was Michael E. Williams, who is an acquaintance of his.
(3) He was booked in the Pinellas County Jail under that name and the State Attorney's Office subsequently filed an information against the Defendant under the name of Michael E. Williams.
(4) The real Michael E. Williams received the Notices of Arraignment and pretrial conference in this case and appeared at the Criminal Courts Complex pursuant to those notices.
(5) The real Michael E. Williams identified the person arrested on November 30, 1985, as MARK CAINES, whom he knows.
(6) By the use of photographs, Officer D. Miller, Clearwater Police Department, confirmed that the real Michael E. Williams was not the individual responsible for this crime.
(7) On March 11, 1985, Judge Allbritton issued a capias in the amount of $25,000.00 to procure the attendance of MARK CAINES at any future court proceedings involving this case.
(8) On March 7, 1985, the State Attorney's Office amended the information filed originally in this cause to reflect the true name of the Defendant and add the additional charge of Obstructing or Opposing an Officer Without Violence.
Section 843.02, Florida Statutes (1985), provides: "Whoever shall obstruct or oppose any such officer ... in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree... ."
The issue here is whether the defendant obstructed the officer in the performance of his duties within the meaning of the statute. Clearly, we think that the above factual scenario outlined in the pleadings in the Rule 3.190(c)(4) proceeding indicated he did. In pursuing a criminal investigation and in processing the defendant's arrest, the officer was carrying out the duties of his office. It seems obvious to us that one who gives an officer false identification under the circumstances outlined is hindering the officer's performance of those duties.
Defendant relies on Z.P. v. State, 440 So.2d 601 (Fla. 3d DCA 1983), as authority *730 for reversal. In Z.P., the court stated that a juvenile's act of giving a false name to an arresting officer, after the arrest, could not support a charge of resisting arrest without violence under section 843.02. The court, in dicta, questioned whether such an act would constitute a crime under the statute. We find Z.P. inapposite. While section 843.02, entitled "Resisting officer without violence to his person", proscribes resisting arrest without violence, it has a much broader sweep. We think that the actions of the defendant were within the scope of the statute which makes it an offense to "obstruct or oppose any such officer ... in the lawful execution of any legal duty... ."
Affirmed.
GRIMES, A.C.J., and FRANK, J., concur.