537 So.2d 711 (1989)
Kevin STEELE Appellant,
v.
STATE of Florida, Appellee.
No. 88-502.
District Court of Appeal of Florida, Fifth District.
February 2, 1989.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, Kevin Steele, was convicted of grand theft and resisting an officer without violence. The latter charge, based on section 843.02, Florida Statutes (1987),[1] arose from the fact that Steele originally gave a false name to the arresting officer. The issue on appeal is whether the state established a prima facie case in regard to that charge, which was specified in the information:
KEVIN MARK STEELE a/k/a KEVIN MARK STEVENS, KEVIN MARK POWERS, on or about the 3rd day of August, 1987, at or near Port Orange within Volusia County, Florida, did obstruct or oppose Officer T.M. McDonald, an officer of the Port Orange Police Department, in the lawful execution of a legal duty, without offering or doing violence to the person of the said Officer T.M. McDonald by while conducting a criminal investigation KEVAN [sic] MARK STEELE a/k/a KEVIN MARK STEVENS, KEVIN MARK POWERS gave Officer T.M. McDonald a false name in an attempt to conceal his identity and impede the investigation.
*712 The state's evidence at trial was that a police officer, upon encountering Steele and three companions on foot early in the morning on a causeway, questioned them as to their identity. Steele replied that his name was Kevin Mark Stevens. At that point in time the officer had no probable cause or reasonable suspicion to support either an arrest or a Terry stop.[2] The officer testified he was seeking this information pursuant to departmental policy in the event he afforded courtesy transportation to Steele and the other three. They had not requested such transportation.
A computer check showed that one of Steele's companions had given a false identity, and further questioning led the officer to arrest all four for auto theft. Confronted at the police station with his true name, Steele admitted it. He was then booked and charged under his true name.
On appeal Steele argues that the arresting officer, McDonald, was not obstructed in his investigation. At the time Steele gave the false name to McDonald, the latter was not executing any legal duty. After arrest, Steele had the right to remain silent,[3] and he did so until admitting his true name. No evidence was adduced by the state as to the method by which the police learned Steele's name or the effort or time expended in obtaining that information. In this case, as in P.P. v. State, 466 So.2d 1140 (Fla. 3d DCA 1985), the false information was corrected by the defendant, albeit with prompting, before it was officially recorded or did any harm.
The state argues that Steele's failure to initially give McDonald his correct name interfered with the officer's ability to "investigate potential criminal activity and in the alternative to offer assistance to the individuals if they were in distress." The problem with the state's argument is that there is no evidentiary support to show any criminal investigation at the time the false name was given, no request for assistance by Steele's group, and no evidence that McDonald was impeded in his investigation in any way by the misinformation. Cf. Caines v. State, 500 So.2d 728 (Fla. 2d DCA 1987) (giving of false name resulted in filing of information against, and court appearance of, wrong defendant).
REVERSED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] Section 843.02 provides:

843.02 Resisting officer without violence to his person.  Whoever shall obstruct or oppose any such officer, beverage enforcement agent, weight and safety officer of the Department of Transportation, member of the Florida Parole and Probation Commission or any administrative aide or supervisor employed by said commission, parole and probation supervisor or parole and probation officer employed by the Department of Corrections, personnel or representative of the Department of Law Enforcement, or legally authorized person in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
[2] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
[3] See Burges v. State, 313 So.2d 479, 481 (Fla. 2d DCA 1975), certified question dismissed, 326 So.2d 441 (Fla. 1976).