582 So.2d 41 (1991)
Michael PORTER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1218.
District Court of Appeal of Florida, Fourth District.
June 12, 1991.
Rehearing Denied July 22, 1991.
Richard L. Jorandby, Public Defender, and Jill Hanekamp, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Senior Judge.
Michael Porter was convicted and sentenced for possession of cocaine. He appeals. We affirm.
Police officers after a surveillance of the area and determining that apparently drug dealings were taking place, conducted a "drug sweep" hoping to catch the drug dealers by surprise. Porter, acting as a look out, saw the officers and warned the drug dealers that the police were coming by yelling certain code words so indicating. The suspected drug dealers ran from the scene and escaped from the officers. Porter was arrested for obstructing and interfering with the officers in the performance of their duties. Porter was searched incidental to the arrest and cocaine was found on his person.
Porter moved to suppress the cocaine on the ground that his arrest was unlawful. The motion was denied whereupon Porter entered a no contest plea but reserved the right to appeal the order denying his motion to suppress. Thus, the dispositive question is whether the police officers were justified in arresting Porter for obstructing and interfering with the officers while they were engaged in the performance of their duties. We hold that the officers properly and legally arrested Porter because he did, in fact, exactly interfere with them and prevent the apprehension of the suspected drug dealers. This interference constituted a breach of law which fully warranted Porter's arrest and ensuing search.
Officer John Miller testified:
[I] had been conducting a surveillance (sic) of the front of LaTony's bar, 22 Avenue at Simms Street from inside my police vehicle across the street in an empty lot next to a cemetery for about half *42 an hour watching obvious drug dealings going on there.
There were four or five black males standing on the sidewalk flagging down passing cars, running into the street, approaching, stopping cars. It appeared drug transactions were going on with the drivers of the cars.
* * * * * *
Q. What happened when you approached the bar on foot?
A. We approached from the back intending to go into the back door of the bar to come through the bar and surprise the people from behind.
As we approached the rear of the bar along the sidewalk on Simms Street the defendant, Michael Porter, was standing at the corner of Simms Street and 22 Avenue. He had began yelling 28 plain clothes (sic) to the people who were in front of him.
* * * * * *
When he [Porter] started yelling myself and Officer Reingardt ran toward him toward the front. When he again yelled 28 they are coming in the back door when officer Carry had gone to the back door as soon as we round the corner Michael Porter remained there. Four or five guys I had been watching were already half block down the alley running southbound along the sidewalk. At that point we immediately arrested Michael Porter for obstruction for interfering with our duties. If he hadn't yelled the warning we may have caught some people who were out there selling drugs. (emphasis supplied)
The officer testified as to his understanding of the phrase "28 plainclothes."
Q. What does 28 plainclothes mean to you?
* * * * * *
A. When suspect drug dealers see police officers coming into the area they start shouting that phrase at which time the drug dealers will either hide the narcotics or run to conceal themselves.
In denying Porter's motion to suppress the trial judge stated:
First of all, addressing the free speech issue. Certainly, Mr. Mitchell's testimony in the Court's view is very instructive on that point. Mr. Mitchell indicated and it's ascertaining a fact, the police testified to being well aware of there [sic] were individuals as lookouts who's [sic] sole purpose is to aid and assist others engaged in criminal endeavors. And they do so by notifying others the police are in the area and so that they may discard their evidence.
That is not constitutionally protected speech. It does violate the laws of the State of Florida to do that and to act as a lookout and yell 28 plain clothes for the purposes of aiding and assisting others in discarding evidence of criminal activity and escaping a police investigation. It does constitute in the court's view evidence of the crime of obstruction under 843.
Section 843.02 Fla. Stat. (1989) provides:
Whoever shall resist, obstruct, or oppose any officer as defined in § 943.10(1), (2), (3), (6), (7), (8), or (9); member of the Parole Commission or any administrative aide or supervisor employed by the commission; county probation officer; parole and probation supervisor; personnel or representative of the Department of Law Enforcement; or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082, § 775.083, or § 775.084 as supported by record and found by the trial court.
In short, Porter served as a lookout for drug dealers and because of his warning to them they were able to escape from the police officers. See C.L.A. v. State, 478 So.2d 872 (Fla. 3d DCA 1985); Goffin v. State, 560 So.2d 421 (Fla. 4th DCA 1990). These cases are to be distinguished from those cases where the conduct or language is merely abusive or offensive. See K.Y.E. v. State, 557 So.2d 956 (Fla. 1st DCA 1990).
*43 As concerns Houston v. Hill, 482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987), relied upon by appellant, it may be readily distinguished from the instant case because in Houston there was no obstruction or impediment offered to thwart the police in the performance of their duties. In Houston the defendant, a gay rights activist, had interrupted a policeman, who was questioning another individual, and shouted for him to "pick on someone your own size." The defendant was charged with opposing or interrupting an officer in the execution of his duties. The Supreme Court found that the Houston ordinance was unconstitutionally overbroad and it was not narrowly tailored to apply only to fighting words, obscene or opprobrious language or disorderly conduct. Houston is distinguishable because there the language was a mere verbal expression challenging police action, whereas here the language was more than just expression; it was intended to impede the officers in the execution of their duties. Yelling "28 plainclothes" was a warning to assist others in avoiding police detection.
We affirm the order denying Porter's motion to suppress and affirm Porter's conviction and sentence for possession of cocaine.
AFFIRMED.
DOWNEY, J., concurs.
GARRETT, J., dissents with opinion.
GARRETT, Judge, dissenting.
I fail to see how appellant's yelling obstructed or interfered with the police.[1] The record simply does not reveal what the police were prevented from doing because of appellant's yelling. An officer testified that if appellant had not yelled the police may have caught some drug sellers. We should hold that appellant's arrest occurred without legal justification and the cocaine was obtained from a search tainted by the illegal arrest. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
Whether under the circumstances of the case appellant's yelling was constitutionally protected speech need not be addressed. However, I note that in Houston v. Hill, 482 U.S. 451, 462, 107 S.Ct. 2502, 2510, 96 L.Ed.2d 398, 413-414, the Supreme Court stated:
The freedom of individuals to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state.
Moreover, Justice Powell gave an example of "contentious and abusive" speech which can interrupt an officer's investigation. Id. at 482 U.S. at 463, n. 11b, 107 S.Ct. at 2510, n. 11b. I believe that the Justice's example of a shouting person running beside an officer pursuing a felon underscores that the speech must be shown to have directly affected the investigation. Anything less, makes merely yelling "here come the cops" a crime.
I would reverse the order denying the motion to suppress and remand with directions to the trial court to discharge appellant.
NOTES
[1] If appellant was a lookout, he should have been charged as a principal of the illegal drug sales. Fla.Std.Jury Instr. (Crim.) 3.01.