ALTENBERND, Judge.
D.G. appeals an order adjudicating him delinquent for obstructing a police officer without violence. We reverse because the state failed to prove that D.G.’s verbal protests crossed the threshold from protected free speech to conduct that obstructed the officers in the “execution of legal process” or in the “lawful execution of any legal duty.” § 843.02, Fla.Stat. (1993). See City of Houston v. Hill, 482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987).
In the early morning hours of October 3, 1994, officers of the St. Petersburg Police Department were investigating an automobile burglary near D.G.’s home. The victim told the officers that the burglar’s name was “Steve,” and that the burglar knew D.G. and spent time at D.G.’s home. Because the *76 victim reported that the burglar had left the scene of the crime in the general direction of D.G.’s home, the police went to D.G.,’s house.
At least three officers entered the yard between 3 and 4 a.m. with flashlights. As they searched the curtilage, they knocked on the doors and windows to wake the occupants. D.G.’s mother came outside the house. Shortly thereafter, D.G. came outside, protesting loudly and obnoxiously. He refused to answer the officers’ questions, but never threatened anyone. The officers arrested D.G. for disorderly conduct because he refused to stop yelling after several warnings.
In the delinquency petition, the charge was changed to obstructing an officer without violence. Only the back-up officer testified at the adjudicatory hearing. He emphasized that at the time of the investigation he did not know whether the yelling teenager was the burglary suspect, “Steve,” because the victim had generally described the burglar as a young white male. This generic description also fits D.G. The officer explained that D.G. interfered with the investigation by yelling and by encouraging his mother not to cooperate with the police. The trial court found that D.G.’s protests rose to the level of a violation of section 843.02.
The state does. not argue that the police had a valid basis to perform an investigatory stop of D.G. or to enter his home without a warrant. See § 901.151, .19, Fla. Stat. (1993). The police investigation at this home was a citizen encounter involving a verbally uncooperative citizen. D.G.’s decision to exercise his First Amendment rights with such enthusiasm during the early hours of the morning may reflect youthful indiscretion, but his actions do not constitute disorderly conduct or obstruction of a police officer in the performance of a legal duty. See L.A.T. v. State, 650 So.2d 214 (Fla. 3d DCA 1995).
This case demonstrates two common difficulties in applying section 843.02 to verbal conduct that allegedly “resist[s], obstructs[s], or oppose[s] any officer ... in the lawful execution of any legal duty.” § 843.02. First, in the heat of the moment, it is sometimes difficult to distinguish protected speech from fighting words. Second, in evaluating a citizen’s verbal response to a police officer, it is important to distinguish between a police officer “in the lawful execution of any legal duty” and a police officer who is merely on the job. It is understandable that a police officer in good faith may see an obstruction where another citizen sees an appropriate protest.
It has been suggested that words alone can never “obstruct” a police officer and that this statute proscribes only conduct that physically opposes an officer in the performance of lawful duties. See Wilkerson v. State, 556 So.2d 453 (Fla. 1st DCA), review denied, 564 So.2d 1088 (Fla.1990). In Wilkerson, a bystander protested police efforts to arrest drug suspects. The First District affirmed the conviction because the bystander’s conduct involved physical opposition to the police, in addition to yelling and cursing.
On the other hand, there are cases holding that the use of mere words can be a violation of section 843.02 when a suspect provides false information to a police officer during a valid arrest or Terry[1] stop. See Rumph v. State, 544 So.2d 1150 (Fla. 5th DCA 1989); Caines v. State, 500 So.2d 728 (Fla. 2d DCA 1987). This rule, however, does not obligate a person to give his or her correct identity to an officer unless that person is legally detained. Steele v. State, 537 So.2d 711 (Fla. 5th DCA 1989).
These cases, and other Florida cases, seem to support the following general proposition: If a police officer is not engaged in executing process on a person, is not legally detaining that person, or has not asked the person for assistance with an ongoing emergency that presents a serious threat of imminent harm to person or property, the person’s words alone can rarely, if ever, rise to the level of an obstruction. Thus, obstructive conduct rather than offensive words are normally required to support a conviction under this statute. See, e.g., R.S. v. State, 531 So.2d 1026 (Fla. 1st DCA 1988); Johnson v. State, 433 So.2d 648 (Fla. 2d DCA 1983); *77 English v. State, 293 So.2d 105 (Fla. 1st DCA 1974). See also S.D. v. State, 627 So.2d 1261 (Fla. 3d DCA 1993) (holding that defendant’s verbal and nonverbal conduct could not be construed as failure to assist officer in performance of duties where officer did not request defendant for assistance). See generally Wade R. Habeeb, Annotation, What Constitutes Obstructing or Resisting an Officer, in the Absence of Actual Force, 44 A.L.R.3d 1018 (1972). Such obstructive conduct was not established in this case.
Accordingly, we reverse the order that adjudicated D.G. delinquent for obstructing an officer.
Reversed.
FRANK, C.J., and LAZZARA, J., concur.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).