KLEIN, J.
The issue in this case is whether a person who identifies an undercover officer as an officer, and thus frustrates the officer’s attempt to purchase drugs from a suspected drug seller, is guilty of obstructing a police officer in the lawful performance of a legal duty. We hold that the conduct, which consisted only of speech, is not a crime.
Detective Silverman of the St. Lucie County Sheriffs Office, who was operating undercover, was attempting to purchase drugs from a suspect. The suspect was speaking to the officer while the officer was sitting in his vehicle. Before any illegal activity had occurred, appellant, who had been sitting in another vehicle, got out and yelled to the suspect “don’t sell anything to that man, that’s Silverman, he’s a cop.” The suspect then lost interest in the transaction, but appellant was charged under section 843.02, Florida Statutes (1997) with obstructing an officer “in the lawful execution of any legal duty,” and convicted.
Jay v. State, 731 So.2d 774 (Fla. 4th DCA 1999) is on all fours. In Jay an undercover officer was attempting to solicit two females to engage in prostitution. While the officer was speaking with the females, and prior to any illegal conduct occurring, Jay told the females “don’t get in the car, he’s a cop.” The females then *512 walked away and were not arrested. We held that Jay’s conduct did not violate section 843.02 and reversed his conviction.
Porter v. State, 582 So.2d 41 (Fla. 4th DCA 1991), on which the appellee and the dissent rely, is distinguishable in two important respects.[1] First, in Porter, the police had already observed criminal activity and were in the process of making arrests. Second, the defendant in Porter was a “lookout” who was interfering with arrests. In contrast, in the present case, no criminal activity had occurred, and there is no evidence that the appellant was a lookout.
In S.D. v. State, 627 So.2d 1261, 1262 (Fla. 3d DCA 1993), officers were posing as drug dealers in order to arrest prospec-five drug purchasers. S.D., who was standing on the same side of the street as the operation, was waving at people walking towards him and the officers, causing them to turn around and leave. He refused to stop after an officer threatened him with arrest, and he was charged with obstructing an officer in the exercise of a lawful duty. The third district reversed his conviction, holding that S.D.’s verbal protest of police authority was protected free speech. The court relied on City of Houston, Texas v. Hill, 482 U.S. 451, 107 S.Ct. 2502, 2510, 96 L.Ed.2d 398 (1987)(“The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principle characteristics by which we distinguish a free nation from a police state.”).
In D.G. v. State, 661 So.2d 75, 76 (Fla. 2d DCA 1995), the defendant was found by the trial court to have violated section 843.02, because he was yelling and encouraging his mother not to allow the police to search their house. The second district reversed, and Judge Altenbernd, writing for the panel, summarized the law:
These cases, and other Florida cases, seem to support the following general proposition: If a police officer is not engaged in executing process on a person, is not legally detaining that person, or has not asked the person for assistance with an ongoing emergency that presents a serious threat of imminent harm to person or property, the person’s words alone can rarely, if ever, rise to the level of an obstruction. Thus, obstructive conduct rather than offensive words are normally required to support a conviction under this statute. Such obstructive conduct was not established in this case.
Reversed.
HAZOURI, J., concurs.
POLEN, J., dissents with opinion.

. The dissent also relies on a California case which does support the view that this type of conduct should be criminalized; however, if we were to follow that decision it would require us to recede from Jay, which is on all fours. The dissent does not address Jay.