POLEN, J.,
dissenting.
I would affirm J.V.’s conviction, as I believe this case is controlled by Porter v. State, 582 So.2d 41 (Fla. 4th DCA 1991), not those relied upon in the majority opinion. For one thing, Judge Altenbernd’s reference in D.G. as to the three circumstances when a violation of section 843.02 can be committed by the use of words alone would not allow for the situation where an undercover officer.was in the middle of a sting transaction, but the money for drugs exchange had not yet been made. In such a situation, I would hold a third party who then yells “He’s a cop!” could be found guilty of obstruction.[2] That is somewhat closer to the facts in the present case, where the suspected drug seller had directed Detective Silverman to drive his car to a spot that faced a car in which J.V. was sitting. While we do not *513 know whether J.V.’s role was as a “lookout,” like Porter, the actions of the suspected seller indicated some likelihood that he was about to sell Silverman illegal drugs. I would hold that Silverman was performing a legal duty, and J.V.’s warning interfered with or obstructed that performance. I therefore, respectfully, dissent.

. See People v. Robles, 48 Cal.App.4th Supp. 1, 56 Cal.Rptr.2d 369 (Dep't Super. Ct.1996).