993 So.2d 1182 (2008)
W.W., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-514.
District Court of Appeal of Florida, Fourth District.
November 12, 2008.
*1183 Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
W.W., a juvenile, was found guilty of resisting or obstructing a law enforcement officer without violence. He argues that the trial court erred in denying his motion for judgment of dismissal because the state failed to prove that the officer was engaged in the execution of a lawful duty at the time he questioned appellant at his house and that appellant's words alone did not constitute obstruction or resistance of any lawful duty. Because the evidence was insufficient as a matter of law to support appellant's conviction for resisting or obstructing an officer without violence, we reverse the order denying appellant's motion for judgment of dismissal.
Deputy Steve Beatty of the Martin County Sheriff's Office testified that he was dispatched to a Texaco Station in Palm City regarding a shoplifting incident. The Texaco store manager told the deputy that some juveniles had stolen Powerade drinks from his store. A witness told the deputy that a juvenile, A.C., took the drink. Deputy Beatty and other deputies went to the home of A.C.'s father. There, the deputy was directed to look for A.C. at appellant's residence. When Deputy Beatty, along with his partner, Deputy Sheriff Bose, arrived at appellant's home, he knocked on the front door. Appellant's younger brother answered. Deputy Beatty asked whether A.C. was there. Appellant and his brother replied "No," and allowed the deputies to come inside their home and look around.
When Deputy Beatty and his partner entered the home, they noticed that the side exterior door was ajar. They went outside, and Deputy Bose went around the rear of the house. He told Beatty that he heard a door open and close. Appellant and his brother then admitted that A.C. had been inside the house. A short time later another officer, Deputy Abbott, apprehended the shoplifting suspect, A.C. Based on appellant's earlier false statement regarding A.C.'s whereabouts, appellant was arrested, removed from his home, transported to the Sheriff's Office, and tried and convicted in juvenile court of the misdemeanor offense of resisting or obstructing a law enforcement officer without violence.
The trial court denied appellant's motion for a judgment of acquittal made after the state presented its evidence and denied a renewed motion after appellant testified in his defense. The court reasoned that Deputy Beatty was carrying out a legal duty *1184 by investigating a crime and that appellant's conduct in lying to the police, which gave A.C. the opportunity to run out of the house, constituted obstruction.
In juvenile proceedings, a motion for judgment of acquittal is actually referred to as a motion for judgment of dismissal. See Fla. R. Juv. P. 8.110(k). However, the same de novo standard of review that applies to a motion for judgment of acquittal applies to a motion for judgment of dismissal because the motion tests the legal sufficiency of the state's evidence. See A.A.R. v. State, 926 So.2d 463, 465 (Fla. 4th DCA 2006); G.G. v. State, 903 So.2d 1031, 1032-33 (Fla. 4th DCA 2005).
Appellant was charged with obstructing an officer without violence in violation of section 843.02, Florida Statutes (2007). Section 843.02 states in pertinent part that:
Whoever shall resist, obstruct, or oppose any officer as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9) ... or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
To convict a defendant of obstructing or resisting an officer without violence, the state must prove two elements: (1) the officer was engaged in the lawful execution of a legal duty and (2) the defendant's action constituted obstruction or resistance of that lawful duty. J.P. v. State, 855 So.2d 1262, 1265-66 (Fla. 4th DCA 2003); Jay v. State, 731 So.2d 774 (Fla. 4th DCA 1999).
In this case, the obstruction charge was based upon appellant's act of lying to the deputy about a suspect's whereabouts during the officer's search for the suspect. The trial court found that the deputy had received information on the radio about a theft and was investigating someone suspected of committing the theft. The court concluded that by investigating a crime, the officer was "executing a legal duty," and that by giving false information to the officer, appellant was thwarting the investigation and thus obstructing the officer. This was error. See Jay, 731 So.2d at 776; D.G. v. State, 661 So.2d 75 (Fla. 2d DCA 1995).
In a similar case, D.G., the police went to D.G.'s home to search for a burglary suspect. D.G. refused to answer the officers' questions, loudly protested their presence there, and encouraged his mother not to cooperate with the police. Id. at 76. The trial court found that D.G.'s verbal conduct constituted obstruction of a police officer without violence. Id. The Second District disagreed and reversed the order adjudicating D.G. delinquent. The court explained that "[i]n evaluating a citizen's verbal response to a police officer, it is important to distinguish between a police officer `in the lawful execution of any legal duty' and a police officer who is merely on the job." Id. The court summarized Florida law applying the obstruction statute to verbal conduct as follows:
If a police officer is not engaged in executing process on a person, is not legally detaining that person, or has not asked the person for assistance with an ongoing emergency that presents a serious threat of imminent harm to person or property, the person's words alone can rarely, if ever, rise to the level of an obstruction.
Id.
In Jay, we adopted the Second District's list of legal duties, which when hindered and coupled with words alone, can result in an obstruction of justice. 731 So.2d at 775. There, we concluded that the attempted *1185 arrest of the defendant for obstruction was unlawful where the defendant's mere words to suspected prostitutes, "don't get in the car, he's a cop," during a police sting operation did not constitute obstruction. The officer conducting the sting operation was "merely on the job and not engaged in the lawful execution of any legal duty." Id. at 776.
Here, the deputy's investigation, though performed during the course of his general duties, does not fall within the above category of legal duties. The state does not contend that Deputy Beatty was serving process or asking for emergency assistance. And although Deputy Beatty initially testified that his purpose in coming to appellant's residence was to apprehend A.C., he later clarified that he was not there to arrest A.C. or to place him in custody, but merely to question him about the shoplifting incident at the Texaco station. Moreover, the trial judge determined that Deputy Beatty was merely investigating a crime.
The state argues that the trial court properly denied appellant's motion for dismissal, relying on Porter v. State, 582 So.2d 41 (Fla. 4th DCA 1991). There, police officers conducted a "drug sweep" to surprise drug dealers who were actively dealing drugs. Id. at 42. The defendant, a lookout, yelled code words to the dealers to warn them that the police were coming to arrest them. The suspected drug dealers then ran from the scene and evaded arrest. Id. We held that the defendant was properly arrested for obstructing and interfering with the officers while they were engaged in the performance of their duties, i.e., arresting suspects. Id. at 43. In Porter, the police officers had observed drug transactions occurring and were attempting to arrest the suspected dealers. The defendant's words warned the suspects and facilitated their escape. In contrast, the officer in this case was not attempting to detain or arrest a suspect but merely searching for a suspect for questioning. Appellant's verbal conduct could not be construed as unlawfully obstructing the officer in the performance of a legal duty.
Even assuming, for the sake of argument, that the investigation qualified as the execution of a legal duty, the state failed to prove that appellant, by his words alone, committed an action that "constituted obstruction or resistance of that lawful duty." "With limited exceptions, physical conduct must accompany offensive words to support a conviction under [section 843.02]." Francis v. State, 736 So.2d 97, 98 (Fla. 4th DCA 1999) (holding that falsely informing an officer that everything was fine when someone was in need of medical attention only became obstruction or resistance when the defendant also physically blocked the police officer's path); Wilkerson v. State, 556 So.2d 453, 455 (Fla. 1st DCA 1990) (holding that defendant obstructed officers not by simply yelling and cursing at them, but by refusing to leave an area where the police were attempting to make arrests). As the First District explained,
We have no doubt that the use of "oppose" in conjunction with "obstruct" manifests a clear and unambiguous legislative intent to proscribe only acts or conduct that operate to physically oppose an officer in the performance of lawful duties.
Wilkerson, 556 So.2d at 455-56. See also H.A.P. v. State, 834 So.2d 237 (Fla. 3d DCA 2002) (upholding defendant's obstruction conviction not just for cursing and shouting profanities while SWAT team officers were executing a narcotics search warrant, but for refusing to leave the area and interfering with execution of the warrant).
*1186 As discussed above, Deputy Beatty was not performing a legal duty as defined in D.G. and Jay when questioning appellant, and appellant did not physically impede the deputy's investigation. We therefore reverse the trial court's denial of the defendant's motion for judgment of dismissal and remand this cause to vacate the delinquency order and disposition.
Reversed.
HAZOURI and MAY, JJ., concur.