12 So.3d 869 (2009)
K.A., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-2283.
District Court of Appeal of Florida, Fourth District.
June 10, 2009.
*870 Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Appellant, K.A., a minor, was charged with the first degree misdemeanor of resisting or opposing an officer without violence. Following an adjudicatory hearing, the trial court found K.A. guilty of resisting arrest without violence. K.A. asserts that the trial court reversibly erred in denying his motion for judgment of dismissal because the evidence was insufficient as a matter of law to support the finding of guilt. We agree and reverse, and direct the trial court to vacate the finding of guilt and placement on probation.
The charges and conviction of K.A. arose out of an incident that occurred on November 4, 2007, at the Galaxy Skating rink in North Fort Lauderdale, Florida. The skating rink closed for the evening, and there were approximately 600 to 700 people in the parking lot. Deputy Riyath Behnam and several other deputies were at the rink to assist with crowd dispersement.
There is no evidence that any of the young people congregating in the parking lot of the Galaxy Skating rink were trespassing, in violation of any curfew, or otherwise engaging in any unlawful activity.
Deputy Behnam observed the crowd in the parking lot. He testified that based upon his training and experience, he thought a fight was taking place. He and other deputies approached the crowd to disperse it. While some people were running away screaming, K.A., in the middle of the crowd, was yelling "Why are you leaving?" and "Don't leave. They can't do anything about it." As Deputy Behnam approached, K.A. continued yelling at the people who were running, "Why are you running? They can't  Police can't do anything about it[.]" Deputy Behnam told *871 K.A. to stop yelling at the crowd, but K.A. kept yelling. Deputy Behnam advised him that if he continued to do so, he would take K.A. into custody. K.A. ignored Deputy Behnam's request, and Deputy Behnam then advised K.A. that he was under arrest.
Deputy Behnam had Deputy Frey assist in taking K.A. into custody. He ordered K.A. to sit in the back of a patrol car, which K.A. refused to do. K.A. insisted that he had done nothing wrong, stating "You can't tell me what to do." Deputy Frey eventually had to assist K.A. by lowering his head and placing him in the patrol car.
K.A. argues on appeal that Deputy Frey, the deputy named in the petition, was not engaged in the lawful execution of a legal duty, but rather, was merely on duty when he assisted Deputy Behnam in walking K.A. to the patrol car. K.A. asserts that he was subjected to an illegal stop and arrest for mere speech. K.A. asserts that the trial court erred in denying his motion for judgment of dismissal on these grounds.
In reviewing a denial of a motion for judgment of acquittal, we examine "the legal sufficiency of the state's evidence. If the trial evidence taken in a light most favorable to the state does not support a conviction, the motion must be granted." J.P. v. State, 855 So.2d 1262, 1264 (Fla. 4th DCA 2003) (citation omitted). A motion for judgment of acquittal is the equivalent of a motion for judgment of dismissal in the juvenile court. See Fla. R. Juv. P. 8.105(k).
Section 843.02, Florida Statutes (2007), under which K.A. was charged, provides:
Whoever shall resist, obstruct, or oppose any officer ... in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree....
"To support a conviction under section 843.02, the state must show: (1) the officer was engaged in the lawful execution of a legal duty; and (2) the action by the defendant constituted obstruction or resistance of that lawful duty." Jay v. State, 731 So.2d 774, 775 (Fla. 4th DCA 1999) (quoting S.G.K. v. State, 657 So.2d 1246, 1247 (Fla. 1st DCA 1995)). "On the question of whether the officer was performing a legal duty, `[i]t is important to distinguish between a police officer `in the lawful execution of any legal duty' and a police officer who is merely on the job.'" Id. (quoting D.G. v. State, 661 So.2d 75, 76 (Fla. 2d DCA 1995)).
In Jay, the arresting officer, while on a sting operation, attempted a solicitation of two females, one of whom the officer knew was a prostitute. The defendant told the females that the officer was a cop and not to get in his car. The females walked away and were not arrested. The officer arrested the defendant because he perceived the defendant's comment as obstructing him in the execution of his legal duty. The defendant fled. When he was caught and arrested, he was found to have a knife. He was charged with resisting without violence and possession of a weapon by a convicted felon. "The resisting charge was based upon Jay's flight from the officer's attempted arrest for the uncharged offense of obstruction." Id. The defendant's motion to suppress was denied and he pleaded nolo contendere. On appeal, the defendant argued that his comment did not obstruct the officer in executing his legal duty. As such, the attempted arrest for obstruction was unlawful, and he was free to resist the arrest without violence. This court held:
An essential element of resisting an officer without violence is that the arrest is *872 lawful. "If an arrest is not lawful, then a defendant cannot be guilty of resisting it." "[T]he common law rule still remains that a person may lawfully resist an illegal arrest without using any force or violence."
Id. (citations omitted).
This court then analyzed whether the initial arrest was legal by determining whether "(1) the officer's involvement in the `sting operation' must have been the performance of a legal duty; and (2) Jay's words, `don't get into the car, he's a cop,' must have obstructed the officer in executing his legal duty." Id. As to (1), this court concluded that because there was no evidence that the two women agreed to anything illegal or that the women were being detained or the officer was attempting to detain them, the officer was merely on the job. Because this element was not met, the attempted arrest for obstruction was illegal.
The state argues, in the instant case, that Deputy Behnam could have lawfully taken K.A. into custody for violating three separate statutes. The first is section 843.02, the statute at issue in Jay and the statute K.A. was charged with violating here. The trial court determined that K.A. was charged with interfering with the investigation of a disturbance. For the arrest to be legal, the police must be executing a legal duty.
The evidence presented was that the deputies were at the skating rink at closing time because sometimes there were disturbances or fights. On this night, neither deputy testified that there were any fights. In fact, the people were running away due to the presence of the deputies or some other reason until K.A. started yelling that they did not have to. There was no evidence that the deputies had been called by the rink management to disperse the crowd, or that there were trespassing concerns by the management. On this basis, it appears that the deputies' alleged investigation of a disturbance was no investigation at all and, therefore, they were not executing a legal duty.
With respect to the other element of obstructing, D.G. v. State, 661 So.2d 75 (Fla. 2d DCA 1995), is instructive. It states the following general proposition:
If a police officer is not engaged in executing process on a person, is not legally detaining that person, or has not asked the person for assistance with an ongoing emergency that presents a serious threat of imminent harm to person or property, the person's words alone can rarely, if ever, rise to the level of an obstruction. Thus, obstructive conduct rather than offensive words are normally required to support a conviction under this statute.
Id. at 76.
The evidence was that K.A. was in a parking lot with 600 people who were dispersing by running. K.A. yelled, "Why are you running? They can't  Police can't do anything about it[.] Why are you running?" K.A.'s words do not rise to the level of obstruction. If anything, urging the crowd of people not to run could be viewed as intending to prevent panic.
The state also suggests K.A. could properly have been arrested for inciting a riot under section 870.01(2), Florida Statutes (2007). That section states: "[a]ll persons guilty of a riot, or of inciting or encouraging a riot, shall be guilty of a felony of the third degree...." Again, K.A.'s words were not encouraging the people to riot, only to stop running away.
Additionally, the state suggests K.A. was violating section 843.06, Florida Statutes (2007), which provides:
843.06 Neglect or refusal to aid peace officers.  Whoever, being required in the name of the state by any officer of the Florida Highway Patrol, police officer, beverage enforcement agent, or *873 watchman, neglects or refuses to assist him or her in the execution of his or her office in a criminal case, or in the preservation of the peace, or the apprehending or securing of any person for a breach of the peace, or in case of the rescue or escape of a person arrested upon civil process, shall be guilty of a misdemeanor of the second degree....
There was no testimony that K.A. was asked by the officer to assist in preserving the peace. K.A. was only told to stop yelling. In State v. Parish, 509 So.2d 1365 (Fla. 2d DCA 1987), the court held:
The words of section 843.06, when given their common meaning, do not render the statute unconstitutionally vague. The statute simply provides that whenever an individual is asked by an officer, in his official capacity, to assist the officer in his official duties (including preserving the peace, apprehending or securing a suspect or assisting in the rescue or preventing the escape of a person arrested for civil process), the individual must do so, or he will be guilty of a second degree misdemeanor. Simply, one must assist an officer in the performance of the officer's duties when asked by the officer to do so.... The statute is thus sufficiently definite to warn a person of common intelligence that one must not refuse or neglect to aid an officer who asks for assistance.
Id. at 1366. There is no evidence the officer asked K.A. for his assistance. We therefore reverse and remand and direct the trial court to vacate K.A.'s finding of guilt and placement on probation.
Reversed and Remanded.
STEVENSON and LEVINE, JJ., concur.