[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14944
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 12, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00367-CV-5-RS-MD

CHRISTIAN POWELL,

Plaintiff-Appellee,

versus

BOBBY HADDOCK,
In his official capacity as sheriff
Washington County Florida,
LOU ROBERTS,
In his official capacity as sheriff
Jackson County Florida,

Defendants,

JONATHAN RACKARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 12, 2010)

Before TJOFLAT, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Deputy Jonathan Rackard appeals the district court's denial of his motion for summary judgment based on the defense of qualified immunity in Christian Powell's § 1983 suit alleging false arrest and use of excessive force. Denials of summary judgment on qualified immunity grounds are appealable notwithstanding the absence of a final judgment. McMillian v. Johnson, 88 F.3d 1554, 1563 (11th Cir. 1996). For the reasons stated below, we affirm.

We assume, as we must on a motion for summary judgment, that the facts are as represented by Powell. Galvez v. Bruce, 552 F.3d 1238, 1239 (11th Cir. 2008). On May 20, 2006, Powell was involved in a family altercation at the side of a highway in Jackson County, Florida, when deputies from the Washington County Sheriff's Office arrived. Once deputies arrived at the scene, Deputy Frank Stone grabbed Powell's arm as though to push her off the road as she was telling him what had happened. Powell told Deputy Stone to "get [his] hands off [her]," and took a few steps away from Deputy Stone, when Deputy Rackard told Powell that if she didn't listen or follow his lawful command he was going to shoot her. Powell raised her hands about shoulder height and responded "what?" or "you're going to do what?" At that point, Deputy Rackard deployed his taser and shot

2

Powell in the chest area. After Powell was on the ground, Deputy Rackard deployed his taser on her a second time. At this point, Powell was bleeding and hurting in her chest area. Deputy Rackard then arrested Powell on the charge of resisting an officer without violence, in violation of Fla. Stat. § 843.02. She was never convicted.

Under the facts portrayed by Powell, there was no arguable probable cause to arrest her, and certainly no justification for deploying a taser. Deputy Rackard argues that he had arguable probable cause to arrest Powell for resisting an officer without violence once she failed to follow his instructions, but there was no instruction given that Powell failed to obey and her words alone did not rise to the level of resisting an officer. See Davis v. Williams, 451 F.3d 759, 765 (11th Cir. 2006) (citing D.G. v. State, 661 So.2d 75, 76 (Fla. Dist. Ct. App. 1996)) (holding that verbal protests and refusal to answer questions did not constitute a violation of § 843.02). It is clearly established that an arrest made without probable cause violates the Fourth Amendment. Thornton v. City of Macon, 132 F.3d 1395, 1399 (11th Cir. 1998).

As to Deputy Rackard's use of his taser, Powell had simply taken steps away from Deputy Stone before Deputy Rackard deployed his taser the first time, and Powell was on the ground and unable to resist when Deputy Rackard tasered her a

3

second time. There was no evidence that Powell's "behavior was violent, aggressive, and prolonged" or that she was a "danger to herself and others." Mann v. Taser Intern, Inc., 588 F.3d 1291, 1306 (11th Cir. 2009) (holding that use of a taser constituted reasonable force when methamphetamine user's behavior was violent and extended). Rather, it was clearly established, at the time of Powell's arrest, that such force cannot constitutionally be used against a non-threatening suspect when the alleged crime of the suspect is a minor offense. See Vinyard v. Wilson, 311 F.3d 1340, 1347 (11th Cir. 2002) (holding that it violates the Fourth Amendment to use pepper spray on an individual suspected of resisting an officer when that individual was not posing a threat). For these reasons, the district court's denial of summary judgment based on qualified immunity is

**AFFIRMED.**