SUAREZ, J.
C.W., a juvenile, appeals from an order denying his motion for judgment of dismissal and adjudication of delinquency. We reverse, and remand with instructions to discharge the adjudication of delinquency.[1]
C.W. was initially charged with disorderly conduct and resisting arrest without violence.[2] The underlying basis for the arrest was the alleged disorderly conduct, which in turn arose from an uncharged violation of section 316.2045, Florida Statutes (2010), a pedestrian infraction for obstructing traffic. The uncharged traffic obstruction offense was premised upon appellant’s act of standing in the road, a couple of feet from the swale, and refusing to move off of the street when the officer asked him to, although the record also shows that there was no traffic on the street at the time. The record does reveal *1095 that C.W. was talking to another boy, his cousin, when they saw the police car slowly approaching. The officers veered slightly around the kids, and asked them to move out of the roadway. When they did not, the officers parked, approached the boys and ordered them to move out of the road and onto the unpaved swale. At this point, the record shows that C.W. refused to step out of the street and used profanity. The officers then arrested him.
The record does not show that C.W. was ever given a citation for the pedestrian violation and it is not cited as a basis for the arrest. The Petition for Delinquency only states that C.W. failed “to follow the order of said officer to get out of the street where traffic was moving....”[3] Although he was arrested for disorderly conduct, neither the record nor the Petition for Delinquency show that C.W. was prosecuted for disorderly conduct.[4] The only charge for which Appellant was adjudicated delinquent was the charge of resisting an officer without violence in violation of section 843.02, Florida Statutes (2007).[5]
To convict a defendant of obstructing or resisting an officer without violence, the State must prove two elements: (1) the officer was engaged in the lawful execution of a legal duty and (2) the defendant’s action constituted obstruction or resistance of that lawful duty. J.P. v. State, 855 So.2d 1262, 1265-66 (Fla. 4th DCA 2003); Jay v. State, 731 So.2d 774 (Fla. 4th DCA 1999). The State fails to sustain either element.
The evidence does not support a conclusion that the officers were engaged in the lawful execution of a legal duty with their initial request that C.W. step out of the street. The case law provides that “legal duties” include (1) serving process; (2) legally detaining a person; or (3) asking for assistance in an emergency situation, or (4) impeding officers’ undercover activities by acting as a “lookout” during the commission of a criminal act. See, e.g., Davis v. State 973 So.2d 1277 (Fla. 2d DCA 2008); Jay, 731 So.2d at 775; Porter v. State, 582 So.2d 41, 42 (Fla. 4th DCA 1991). Although this is not an exhaustive list, it is clear that there is a difference between an officer who is engaging in the lawful execution of a legal duty, and a police officer who is merely on the job. See, e.g., Jay, 731 So.2d at 776; D.G. v. State, 661 So.2d 75, 76 (Fla. 2d DCA 1995). The officers’ initial request that C.W. move a de minimus distance out of the road was a reasonable part of their job as community safety officers.[6] But the officers had no legal duty to insist on compliance and to *1096 enforce that insistence with arrest where the record shows that there were no circumstances warranting this. See KA. v. State, 12 So.3d 869 (Fla. 4th DCA 2009) (holding that there was no evidence of trespass sufficient to sustain charge of resisting arrest). Here, there is no evidence that C.W. actually interfered with traffic, and the mere potential to interfere with traffic is insufficient to justify the officers’ actions. Cf. Underwood v. State, 801 So.2d 200, 202 (Fla. 4th DCA 2001) (holding that an officer lacked probable cause to stop the defendant for obstruction of traffic because there was no evidence that the defendant actually hindered or endangered the normal use of the street or had the intent to do so).
Moreover, in evaluating a citizen’s verbal response to a police officer, it is understandable that a police officer in good faith may see an obstruction where another citizen sees an appropriate protest. D.G. v. State, 661 So.2d at 75; see L.A.T. v. State, 650 So.2d 214 (Fla. 3d DCA 1995). “If a police officer is not engaged in executing process on a person, is not legally detaining that person, or has not asked the person for assistance with an ongoing emergency that presents a serious threat of imminent harm to person or property, the person’s words alone can rarely, if ever, rise to the level of an obstruction.” D.G., 661 So.2d at 76. The fact that the incident may have attracted the attention of onlookers, without more, is insufficient to support a charge of disorderly conduct. See Fields v. State, 24 So.3d 646 (Fla. 3d DCA 2009); K.S. v. State, 697 So.2d 1275 (Fla. 3d DCA 1997). The record facts in C.W.’s case do not support a finding of disorderly conduct or obstruction of a legal duty.
“If an arrest is not lawful, then a defendant cannot be guilty of resisting it ... the common law rule still remains that a person may lawfully resist an illegal arrest without using any force or violence.” Jay, 731 So.2d at 775. We therefore reverse the order denying C.W.’s motion for judgment of dismissal, and remand with instructions to dismiss the adjudication of delinquency and to correct the juvenile’s post-adjudication records accordingly.
Reversed and remanded.
LAGOA, J., concurs.

. In juvenile proceedings, a motion for judgment of acquittal is actually referred to as a motion for judgment of dismissal. See Fla. R. Juv. P. 8.110(k). However, the same de novo standard of review that applies to a motion for judgment of acquittal applies to a motion for judgment of dismissal because the motion tests the legal sufficiency of the state’s evidence. See A.A.R. v. State, 926 So.2d 463, 465 (Fla. 4th DCA 2006).

. C.W. was arrested on March 18, 2010; the docket for this date shows him as charged only with disorderly conduct and resisting arrest without violence. The sole charge that appears in the March 19, 2010, Petition for Delinquency, however, is that of resisting arrest without violence.

. This contradicts later testimony from both officers and C.W., all of whom consistently testified that there was no traffic on the road until after C.W. had been arrested.

. There was no charge of disorderly conduct cited or referenced in the March 19, 2010, Petition for Delinquency. Although the Petition for Delinquency does not show a charge for disorderly conduct, the docket and the post-adjudication documents still erroneously show the unprosecuted disorderly conduct charge.

. Section 843.02 states in pertinent part that: Whoever shall resist, obstruct, or oppose any officer as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9) ... or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

.Q. Okay. It may be obvious, but one question. Why did you initially tell him [the defendant] to get off the road?”
A. [Officer Kurless]: Well for his safety, because cars be [sic] coming down the road and he could get hit, so we just told him to kind of step off to the side of the road.”