684 So.2d 848 (1996)
The STATE of Florida, Appellant,
v.
John Livingston DENNIS, Appellee.
No. 96-1055.
District Court of Appeal of Florida, Third District.
December 11, 1996.
*849 Robert A. Butterworth, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Amy D. Ronner, Special Assistant Public Defender, and Lorraine E. Tashman and Margaret Brenan, Certified Legal Interns, for appellee.
Before SCHWARTZ, C.J., and NESBITT and FLETCHER, JJ.
NESBITT, Judge.
Defendant, John Dennis, was charged by information with possession of cocaine and obstruction of justice. Dennis filed a motion to suppress the evidence, arguing it had been obtained through an unreasonable search and seizure. At the hearing on the defendant's motion the arresting officer, Manuel Blanco, testified that at the time of the defendant's arrest, the officer was participating in an undercover drug operation. Blanco and his partner sat in the front seat of an unmarked vehicle one block over from where the actual drug sale was occurring. Blanco was to stay out of view while the actual drug purchase took place, and, when undercover officers gave him the cue, to make the arrests.
Blanco and his partner lowered their car windows to get a clear view. It was then that they heard Dennis yell "Ninety-nine," "ninety-nine," a street term meaning police in the area. At that point, several people in the immediate vicinity took off running. On cross-examination, Blanco said that his sole purpose that evening was to apprehend the person selling the drugs. The officer conceded that Dennis was never a target, and said that he would have to check the log to see if the actual target was caught. The officers placed Dennis under arrest for yelling "Ninety-nine." When they searched him, they found several rocks of crack cocaine in his pocket.
The trial judge granted defendant's motion to suppress, finding that there was no testimony indicating defendant was aware of anyone selling drugs several blocks away. Words alone generally cannot support a charge of obstruction of justice. see D.G. v. State, 661 So.2d 75 (Fla. 2d DCA 1995). Dennis was correct in his assertion that there was no evidence connecting him to the drug deal and also no evidence that his yelling "Ninety-nine" resulted in the target getting away. The arresting officer's observation that he would need to check the log to see if the actual target had been caught, shows the officer had no knowledge or probable cause on which to predicate Dennis's arrest. This makes the instant case vastly different from Porter v. State, 582 So.2d 41 (Fla. 4th DCA 1991) where it was known that the defendant was part of the criminal activity, since he was acting as a lookout. Because Dennis did not commit a crime by yelling "Ninety-nine," the arrest was illegal, and the evidence found as a result of the subsequent search was properly suppressed.
Accordingly, the order under review is affirmed.