731 So.2d 774 (1999)
Tyrone JAY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0109.
District Court of Appeal of Florida, Fourth District.
April 14, 1999.
Richard L. Jorandby, Public Defender, and Sophia Letts, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Debra Rescigno, Assistant Attorney General, West Palm Beach, for appellee.
GUNTHER, J.
Tyrone Jay appeals his convictions for resisting an officer without violence and possession of a weapon by a convicted felon. We reverse.
The arresting officer testified that while on a "sting operation," he was attempting to solicit two females, one known to him as a prostitute, when Jay told the females, "don't get in the car, he's a cop." The two females walked away and were never arrested. The officer, having perceived Jay's comment as obstructing him in the execution of his legal duty, told Jay that he was under arrest but Jay immediately fled. When the officer caught Jay, the officer *775 discovered a knife in Jay's possession. Jay was subsequently arrested and charged with resisting an officer without violence and possession of a weapon by a convicted felon. The resisting charge was based upon Jay's flight from the officer's attempted arrest for the uncharged offense of obstruction. Following the denial of Jay's motion to suppress, Jay pled nolo contendere, was adjudicated guilty, declared a habitual offender, and sentenced to nineteen months in prison.
Jay asserts his comment did not obstruct the officer in executing his legal duty so the attempted arrest for obstruction was unlawful, and therefore, he was free to resist the arrest without violence. Moreover, he maintains the resulting weapon charge cannot stand because the arrest for resistance without violence was illegal. We agree.
An essential element of resisting an officer without violence is that the arrest is lawful. See In re T.M.M., 560 So.2d 805, 807 (Fla. 4th DCA 1990)(citing Johnson v. State, 395 So.2d 594 (Fla. 2d DCA 1981)). "If an arrest is not lawful, then a defendant cannot be guilty of resisting it." In re T.M.M., 560 So.2d at 807 (citing Dean v. State, 466 So.2d 1216, 1217 (Fla. 4th DCA 1985)). "[T]he common law rule still remains that a person may lawfully resist an illegal arrest without using any force or violence." K.Y.E. v. State, 557 So.2d 956, 957 (Fla. 1st DCA 1990)(citing Smith v. State, 399 So.2d 70 (Fla. 5th DCA 1981)); see also Lowery v. State, 356 So.2d 1325, 1325-26 (Fla. 4th DCA 1978).
Although Jay was not charged with obstructing the officer, the state maintains that the attempted arrest for obstructing created the basis for the resisting arrest charge.[1] The attempted arrest of Jay was based upon Florida Statutes section 843.02, resisting an officer without violence, which provides, "[w]hoever shall resist, obstruct, or oppose an officer ... in the lawful execution of a legal duty." § 843.02, Fla. Stat. (1997)(emphasis added). Because the law permits a person to resist an illegal arrest without violence, Jay committed the crime of resisting an officer without violence only if the underlying attempted arrest for obstruction was lawful.
"To support a conviction under section 843.02, the state must show: (1) the officer was engaged in the lawful execution of a legal duty; and (2) the action by the defendant constituted obstruction or resistance of that lawful duty." S.G.K. v. State, 657 So.2d 1246, 1247 (Fla. 1st DCA 1995). Thus, for the initial arrest to be legal: (1) the officer's involvement in the "sting operation" must have been the performance of a legal duty; and (2) Jay's words, "don't get into the car, he's a cop," must have obstructed the officer in executing his legal duty.
On the question of whether the officer was performing a legal duty, "[i]t is important to distinguish between a police officer `in the lawful execution of any legal duty' and a police officer who is merely on the job." D.G. v. State, 661 So.2d 75, 76 (Fla. 2d DCA 1995)(defendant's verbal protests and refusal to answer police questions during a search for robbery suspect held not an obstruction of justice). Further, the court provides three legal duties, when coupled with words alone, which will result in obstruction of justice, (1) serving process; (2) legally detaining a person; or (3) asking for assistance. See id. The facts of the present case, however, do not fall within any of these three categories, and as such, we must decide if the officer's "sting operation" was the execution of a legal duty or if he was merely on the job.
In Porter v. State, officers, while on surveillance, observed drug deals taking *776 place, and began to approach the scene to take the dealers by surprise and arrest them. See Porter v. State, 582 So.2d 41 (Fla. 4th DCA 1991). As the officers approached, Porter, the lookout, yelled "28 plain clothes," to alert the suspected drug dealers of the officers' presence, thereby allowing the dealers to escape apprehension. See Porter, 582 So.2d at 42. We upheld the conviction of Porter for obstructing and interfering because we concluded his words interfered with the police in the execution of their legal duty of arresting suspects by preventing their apprehension. See id. at 43.
However, the present case is clearly distinguishable. In Porter, the police officers had observed drug dealings taking place and were preparing to arrest the suspected dealers. See Porter, 582 So.2d at 42. As such, this court concluded that Porter's words were "intended to impede the officers in the execution of their duties," i.e., Porter's words warned the suspects, allowing them to escape apprehension. See id. at 43. Furthermore, the duty in Porter, attempting to legally detain the suspects, is a duty which falls within one of the three categories of D.G. v. State. See D.G. v. State, 661 So.2d at 76. Whereas, here, there is no evidence that the two targeted women had committed any crime from which they escaped apprehension. The two women simply walked away and were never arrested.
In State v. Dennis, during a drug sale, two officers waited out of sight for the undercover officer's cue to move in and arrest the dealers. See Dennis, 684 So.2d 848, 849 (Fla. 3d DCA 1996). The defendant saw the two officers waiting in an unmarked car and yelled "ninety nine," a street term meaning police were in the area. See Dennis, 684 So.2d at 849. The court concluded that Dennis' words did not obstruct justice because he was not involved nor did he have any knowledge of the criminal activity, unlike Porter. Id. However, it can be inferred from Dennis that the court reached the preliminary conclusion that the officers were engaged in the execution of a legal duty because absent the execution of a legal duty by the officer, the court's discussion of the effect of Dennis' conduct and the conclusion that his words did not constitute obstruction was unnecessary. Although in Dennis the officers were not yet moving in to make an arrest, the cases are similar in that criminal activity was actually taking place, i.e., a drug sale was occurring. See Dennis, 684 So.2d at 849.
In the present case, while the officer was attempting to solicit from the two females, there is no evidence that the two women agreed to anything illegal before walking away. Thus, unlike the situations in Porter and Dennis, there was no criminal activity occurring at the time Jay told the women, "don't get in the car, he's a cop." Further, there is no evidence that the officer was detaining the two women or even attempting to detain them for a crime they had committed as was the case in Porter. See also D.G. v. State, 661 So.2d at 76.
As such, we conclude that the officer in this case was merely on the job and not engaged in the lawful execution of any legal duty. See D.G. v. State, 661 So.2d at 76. Because we conclude the officer was not engaged in the lawful execution of a legal duty, we need not address the second element, whether Jay's conduct constituted obstruction of a lawful duty. See S.G.K. v. State, 657 So.2d at 1247. Accordingly, the attempted arrest for obstruction was illegal and Jay was free to resist such an arrest without violence. See K.Y.E. v. State, 557 So.2d at 957.
The remaining charge, possession of a weapon by a convicted felon was based upon the officer's discovery of a knife during the unjustified pursuit following the attempted illegal arrest of Jay. Because the arrest for resisting was illegal, the evidence of the knife, discovered during the attempted illegal arrest, should be suppressed under the "fruit of the poisonous tree doctrine." See Wong Sun v. United *777 States, 371 U.S. 471, 487-488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); D'Agostino v. State, 310 So.2d 12 (Fla.1975).
In sum, we conclude Jay's words did not obstruct the officer while he was executing his legal duty, and thus, the officer's attempted arrest for obstruction was unlawful. Absent a lawful arrest for obstruction, Jay was free to resist such an arrest without violence. Moreover, the knife found as a result of the illegal arrest for resisting should have been excluded. Accordingly, we reverse Jay's convictions and remand to the trial court.
REVERSED AND REMANDED.
STEVENSON, J., and BAKER, MOSES, Jr., Associate Judge, concurs.
NOTES
[1] It is not necessary that the underlying criminal activity providing the basis for the arrest result in a charge and conviction. It is only necessary that the officer has a founded suspicion of criminal activity to make the detention. See State v. Dwyer, 317 So.2d 149, 150 (Fla. 2d DCA 1975); Smith v. State, 292 So.2d 69, 70 (Fla. 3d DCA 1974).