736 So.2d 97 (1999)
Nellie FRANCIS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2546.
District Court of Appeal of Florida, Fourth District.
June 9, 1999.
*98 Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Gentry Denise Benjamin, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Nellie Francis ("Nellie") timely appeals after a jury found her guilty of resisting and/or obstructing a police officer without violence in violation of section 843.02, Florida Statutes (1997). She raises two points on appeal, both directed to her motion for judgment of acquittal. We affirm.
This case began after 14 year-old Sheldon Francis accused his father and Nellie's husband, Michael Francis, of beating him. Floyd Francis, Sheldon's brother, called 911. A Broward Sheriff's Office deputy, Donald Banas, responded to the call at the Francis residence. Floyd told Banas that "everything's okay" and "I don't need you anymore." After further questions from Banas, Floyd stated Sheldon was unconscious in the T.V. room.
Banas entered the house and saw Sheldon in apparent "medical distress." Banas testified that Nellie intervened and stepped in front of him when he tried to speak with Sheldon. He testified that she stated, "[I]t's okay; we don't need you." He testified that she then blocked his path, identified herself as a Broward Sheriff's Office deputy, and asked him not to go further in his investigation.
Banas saw numerous bruises on Sheldon's body and removed him from the room where his father and stepmother were. Banas then read Michael his rights. Banas testified that Michael admitted to hitting Sheldon with a belt.
In addition to charges alleged against Michael Francis, the state charged Nellie with two counts of child neglect in failing to protect her stepchild, Sheldon, from abuse by his father, and by failing to provide him with the requisite care after such abuse. It also charged her with violating section 843.02 by "unlawfully, knowingly and wilfully" obstructing or opposing Banas in the lawful execution of a legal duty by "falsely inform[ing] said officer that everything was fine in the home when in fact Sheldon Francis was in need of medical attention...."
After the state rested at trial, Nellie moved for judgment of acquittal as to the obstruction charge. The trial court at first opined orally that the state did not prove a prima facie case and granted the motion; however, it then gave the state until the following day to further research the issue. After reading such cases and hearing additional argument from the state, it receded from its ruling the next day and denied Nellie's motion for judgment of acquittal. The jury eventually found her guilty of resisting without violence.

Motion for Judgment of Acquittal
Nellie first argues that the court should have granted a judgment of acquittal as to the resisting charge. § 843.02, Fla. Stat. (1997) states,
Whoever shall resist, obstruct, or oppose any officer ... in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree....
§ 843.02, Fla. Stat. (1997). Thus, to support a conviction for resisting an officer without violence, the state must show (1) that the officer was engaged in lawful execution of legal duty, and (2) that the action by the defendant constituted obstruction or resistance of that lawful duty. Id.; *99 S.G.K. v. State, 657 So.2d 1246 (Fla. 1st DCA 1995).[1]
Nellie argues that her statement to Banas that everything was fine was per se insufficient under section 843.02 to constitute obstruction. In this regard, courts have held that, with limited exceptions,[2] physical conduct must accompany offensive words to support a conviction under this statute. State v. Dennis, 684 So.2d 848, 849 (Fla. 3d DCA 1996); D.G. v. State, 661 So.2d 75, 76 (Fla. 2d DCA 1995); Wilkerson v. State, 556 So.2d 453, 456 (Fla. 1st DCA), rev. den., 564 So.2d 1088 (Fla.1990). However, the record reflects that Nellie, in addition to stating these words to Banas, physically blocked his path when he went over to investigate Sheldon's physical condition. As such conduct satisfies the second prong of section 843.02, we affirm.
Nellie, nevertheless, posits that because Banas eventually was able to have access to Sheldon, her actions did not constitute obstruction. This analysis is flawed. The test under section 843.02 is not whether Banas ultimately was able to carry out the execution of his legal duties, but rather, whether Nellie resisted his efforts in doing so. Because there is competent substantial evidence that she obstructed Banas' efforts to get close to Sheldon by blocking his path, we hold the court correctly denied the motion.

Double Jeopardy
Alternatively, Nellie argues that the court's receding from its initial oral granting of her motion for judgment of acquittal violated double jeopardy. We disagree. Our review of the record reflects that when the court initially granted the motion, the hearing had not come to an end. Rather, discussions between the court and counsel for both sides regarding the motion were still ongoing up to and after the point the court granted the motion. At the conclusion of the day's proceedings, it was clear the court was giving the prosecutor overnight to gather additional case law, and would continue the hearing the next day. Because the court reversed itself before the hearing came to an end, we hold that its initial ruling was not final and, thus, that double jeopardy was not triggered. Cf. Watson v. State, 410 So.2d 207, 209 (Fla. 1st DCA 1982)(holding that the initial granting of motion for a judgment of acquittal by the trial judge triggered double jeopardy where there was no indication in the record that the matter was still under consideration when he made such ruling); Troupe v. Rowe, 283 So.2d 857, 860 (Fla.1973)(holding resentencing violated double jeopardy as "there was no further contemplated hearing for that day in the cause, and thus the matter was concluded for all purposes" when the court initially sentenced defendant), opinion conformed to State ex rel. Troupe v. Morphonios, 287 So.2d 375 (Fla. 3d DCA 1974). As such, we affirm.
AFFIRMED.
DELL and HAZOURI, JJ., concur.
NOTES
[1] It is undisputed that the state satisfied the first prong of this test in that Banas was investigating a 911 telephone call when the alleged obstruction occurred.
[2] Words alone may result in obstruction of justice where the officer in question is 1) serving process; 2) legally detaining a person; or 3) asking for assistance. D.G., 661 So.2d at 76; Jay v. State, No. 98-0109, 731 So.2d 774 (Fla. 4th DCA 1999). None of these situations existed here.