RAMIREZ, J.
R.E.D. appeals the trial court’s adjudication of a delinquency order upon which the court found him guilty of obstruction, as well as the trial court’s order of commitment. We reverse because there is no evidence to support the charge of obstruction.
Miami-Dade Police Officer Raymond Robinson, an undercover narcotics team officer, testified that he first saw R.E.D. together with an unnamed male on a street corner located near a target house. Officer Robinson observed R.E.D. and the unnamed male walk over to the target house. He then heard R.E.D. tell two other unnamed males who also approached the target house “99 that’s the police there.” The unnamed male who was with R.E.D. thereafter told Officer Robinson “hey that’s the police, you need to get out of here.” R.E.D. and the other unnamed males sub *207 sequently fled. The police thereafter .arrested R.E.D.
Appellee State of Florida charged R.E.D. with the single offense of unlawfully resisting, obstructing, and opposing, without violence, a law enforcement officer in the lawful execution of a legal duty or process, pursuant to section 843.02, Florida Statutes (2003). The State based its charge on R.E.D.’s obstruction of the police officer’s ongoing investigation. The trial court subsequently found • R.E.D. guilty of the charged offense of obstruction and adjudicated him delinquent. •
R.E.D. argues that he did not resist a police officer or obstruct, a police officer engaged in the lawful exercise of a legal duty. We agree and adopt Judge Gunther’s analysis in Jay v. State, 731 So.2d 774, 775 (Fla. 4th DCA 1999). “To support a conviction under section 843.02, the state must show: (1) the -officer was engaged in the lawful execution of a legal duty; and (2) the action by the defendant constituted obstruction or resistance of that lawful duty.” See also S.G.K v. State, 657 So.2d 1246, 1247 (Fla. 1st DCA 1995). In D.G. v. State, 661 So.2d 75, 76 (Fla. 2d DCA 1995), the court provides three legal duties, when coupled with words alone, which will result in obstruction of justice, (1) serving process; (2) legally detaining a person; or (3) asking for assistance. The State does not argue that Officer Robinson was serving process or asking for assistance. The State contends that Officer Robinson was legally detaining a person. Thus, if the officer could have arrested the two other unnamed males who .fled as a result of R.E.D.’s warning, the.State would have a valid obstruction prosecution. The problem for the State, however, is that at the point that R.E.D. warned the two unnamed males, the unnamed males had not yet committed any.crime. The State argues that an interference with an officer’s ongoing sting, operation constitutes obstruction. This is an argument that the court in Jay expressly rejected.
In Jay, the officer involved in a sting operation attempted to solicit two females when the defendant instructed the females not to enter a vehicle and identified the officer as a cop. The two females eventually walked away and the police did not arrest them. The court concluded that there was no evidence that the two females had committed any crime upon which the officer could have based an arrest. Thus, the officer was “not legally detaining a person,” and therefore he was not engaged in the lawful execution of any legal duty. Jay, 731 So.2d at 777.
We find that Officer Robinson, like the officer in Jay, was not involved in the process1 of detaining anyone when he encountered R.E.D.,' and he was thus not engaged in the lawful execution of any legal duty. When R.E.D. warned the two unnamed males of the police’s presence, Officer Robinson was not yet prepared to arrest the two unnamed males and had no other basis upon which to prevent the escape of the unnamed males as suspects. The unnamed males had simply approached the target house, were not involved in any criminal activity, and were never arrested. These facts are quite different from the facts in Porter v. State, 582 So.2d 41, 42 (Fla. 4th DCA 1991), where the defendant’s words, “28 plain clothes,” impeded the officers’ attempt to arrest known drug dealers who effectively escaped apprehension. In the case before us, Officer Robinson was thus not involved in the execution of a legal duty when R.E.D. warned the two unnamed males of the policed presence.
We therefore reverse R.E.D.’s conviction for obstruction and remand this cause to the trial court.
GREEN, J., concurs.