Edward BLACKSHEAR, Plaintiff,

v.

The CITY OF MIAMI BEACH, a Florida municipal corporation, and Peter Wyatt, Defendants.

Case No. 11–20619–CIV.

United States District Court, S.D. Florida, Miami Division.

July 26, 2011.

Gary Kollin, Gary Kollin PA, Fort Lauderdale, FL, for Plaintiff.

Robert F. Rosenwald, Jr., City of Miami Beach City Attorney's Office, Joshua Michael Entin, Mendy Halberstam, Rosen Switkes & Entin P.L., Miami Beach, FL for Defendants.

### ORDER

DONALD L. GRAHAM, District Judge.

**THIS CAUSE** comes before the Court upon Defendant Miami Beach's Motion to Dismiss Count II of the Corrected Amended Complaint [D.E. 15] and Defendant Peter Wyatt's Motion to Dismiss the Corrected Amended Complaint [D.E. 17].

**THE COURT** has considered the Motions and the pertinent portions of the record, and is otherwise fully advised in the premises.

### I. BACKGROUND

On December 2, 2008, Edward Blackshear ("Blackshear" or "Plaintiff") was driving near Busway and SW 238th Street in unincorporated Miami–Dade County

when Defendant Peter Wyatt ("Wyatt") told him to stop. Wyatt is a police officer for the City of Miami Beach ("Miami Beach"), who was assisting a funeral procession on that date. Wyatt directed Blackshear not to move his vehicle. Blackshear then exited his vehicle to converse with Wyatt.

After the two spoke, Wyatt arrested Blackshear for a violation of Fla. Stat. § 316.072(3), for failure to obey a lawful order of a police officer, and Fla. Stat. § 843.02, for obstruction of justice without violence. According to the Corrected Amended Complaint, however, Blackshear did not fail to obey any lawful order of Wyatt's, nor did he resist being hand-cuffed. As a result of the arrest, Wyatt conducted a search of Blackshear's person. He was then detained in Miami–Dade County jail before being released on bond. Thereafter, the State Attorney filed an Information in Miami–Dade County Case No. 9623RJW against Blackshear for the conduct which he was arrested. As a result, Blackshear was required to attend court on numerous occasions, but ultimately the charges against him were dismissed.

Plaintiff's Corrected Amended Complaint alleges two federal claims for civil rights violations committed by Wyatt—unlawful search and seizure (Count I) and malicious prosecution (Count IV)—and a state law claim for malicious prosecution (Count III). Additionally, Plaintiff alleges that Miami Beach is liable for false arrest based on Wyatt's actions (Count II).

## II. STANDARD OF REVIEW

### A. LEGAL STANDARD

■ A complaint must contain a short, plain statement demonstrating an entitlement to relief, and it must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319, 127 S.Ct.

2499, 2507, 168 L.Ed.2d 179, 190 (2007)(internal citation and quotation marks omitted). In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court is generally limited to the four corners of the complaint and documents attached thereto. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir.2000). Additionally, the court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 322, 127 S.Ct. at 2509, 168 L.Ed.2d at 193 (citation omitted).

When considering a 12(b)(6) motion, a court must accept the well-pleaded factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir.2007). But this tenet does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868, 884 (2009). And, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929, 940 (2007) (alteration in original). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.*

### B. QUALIFIED IMMUNITY STANDARD

■ "[Q]ualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have

known." *Lee v. Ferraro*, 284 F.3d 1188, 1193–94 (11th Cir.2002)(internal citation and quotation marks omitted).

To receive the benefit of qualified immunity, "the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Id.* at 1194. Discretionary authority includes the job-related powers and responsibilities that the public official has in the general fulfillment of his official duties. *O'Rourke v. Hayes*, 378 F.3d 1201, 1205 (11th Cir. 2004)("[I]n determining whether a police officer may assert qualified immunity against a Fourth Amendment claim, we do not ask whether he has the right to engage in unconstitutional searches and seizures, but whether engaging in searches and seizures in general is a part of his job-related powers and responsibilities."). After the defendant establishes this, "the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Lee*, 284 F.3d at 1194. A plaintiff may establish this by "showing that (1) the facts, as alleged and viewed in the light most favorable to [him], established a constitutional violation and—if so, (2) the constitutional right violated was clearly established." *Manseau v. City of Miramar*, 395 Fed. Appx. 642, 644 (11th Cir.2010)(unpublished decision).

## III. DISCUSSION

### A. COUNT I–SECTION 1983 ILLEGAL SEARCH & SEIZURE (WYATT)

#### i. Failure to State a Claim

Officer Wyatt argues that Count I of the Corrected Amended Complaint should be dismissed because Plaintiff has not alleged an underlying Fourth Amendment constitutional violation. Further, Defendant argues that Plaintiff has failed to specifically identify the actions and conduct of Wyatt that led to the deprivation of his constitutional rights. As a result, Defendant argues that Plaintiff has failed to meet the heightened pleading standard to specifically permit a qualified immunity analysis at the pleading stage. However, because the heightened standard for civil rights cases is no longer used, the Court must simply determine whether Blackshear has alleged sufficient facts to meet the *Twombly–Iqbal* "plausibility" standard.[1]

In Count I, Plaintiff seeks to recover for the alleged illegal search and seizure by Wyatt pursuant to 42 U.S.C. § 1983. "In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th Cir.2001) (citation omitted). "A person acts under color of state law when he acts with the authority possessed by virtue of his employment with the state." *Id.* "It is firmly established that a defendant in a § 1983 suit acts under the color of law when he abuses the position given to him by the state." *Id.*

Blackshear alleges in his Corrected Amended Complaint that on December 2, 2008:

- "Defendant Peter Wyatt was, at all times relevant hereto, a police officer employed by the City" [D.E. 12, ¶ 3].
- "Wyatt acted towards Plaintiff under color of statutes, ordinances, customs

---

1. A heightened pleading standard once was required in this circuit for § 1983 actions where "the defendants are individuals who may seek qualified immunity." *See Amnesty Int'l, USA v. Battle*, 559 F.3d 1170, 1179 (11th Cir.2009). However, in *Randall v. Scott*, the Eleventh Circuit determined that "[a]fter *Iqbal* it is clear there is no 'heightened pleading standard' as it relates to cases governed by Rule 8(a)(2), including civil rights complaints." *Randall v. Scott*, 610 F.3d 701, 710 (11th Cir.2010).

and usage of the State of Florida ..." [D.E. 12, ¶ 7].

- "Wyatt was assisting a funeral procession for a police officer utilizing his motorcycle owned by the City and acting in his capacity as a police officer of the City with full permission of the City to perform those actions" [D.E. 12, ¶ 12].

- "Wyatt encountered the Plaintiff and directed him to not move his vehicle" [D.E. 12, ¶ 13].

- "At no time during or after Plaintiff conversed with Wyatt did Plaintiff indicate in any way that he was going to move his vehicle" [D.E. 12, ¶ 18].

- "Despite Plaintiff not entering or touching his vehicle and the vehicle not moving, Wyatt arrested Plaintiff for a violation of § 316.072(3), Florida Statutes, for failure to obey a lawful order of a police officer" [D.E. 12, ¶ 19].

- "No legal ground or basis including probable cause existed for Plaintiff's arrest for any charge including a violation of § 316.072(3), Florida Statutes" [D.E. 12, ¶ 20].

- "In addition to arresting Plaintiff, Wyatt, without consent by Plaintiff, conducted a search of Plaintiff and his clothing" [D.E. 12, 126].

 Thus, the Complaint alleges that Wyatt, acting under the color of law, arrested Blackshear without probable cause and then searched his person. The Fourth Amendment provides "the right of the people to be secure in their persons ... against unreasonable searches and seizures, shall not be violated, and no War-

rants shall issue, but upon probable cause, supported by Oath or affirmation...." U.S. Const. amend. IV. "A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a section 1983 claim." *Ortega v. Christian,* 85 F.3d 1521, 1525 (11th Cir.1996) (citation omitted). Therefore, to the extent Plaintiff alleges an unconstitutional search and seizure for his warrantless arrest and the search incident thereto, Plaintiff has properly pleaded a section 1983 claim. However, to the extent Plaintiff is asserting any other claim in Count I, that claim is improper and insufficiently pleaded.

### ii. Probable Cause

Officer Wyatt also argues that Count I should be dismissed because based on the Complaint, the Arrest Affidavit [D.E. 17–1], and the Notice of Claim [D.E. 17–2], probable cause existed to arrest Plaintiff.[2] Additionally, Defendant argues that even if there was not actual probable cause, there was at least arguable probable cause to arrest Plaintiff, entitling Wyatt to qualified immunity.

 "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." *Atwater v. City of Lago Vista,* 532 U.S. 318, 354, 121 S.Ct. 1536, 1557, 149 L.Ed.2d 549, 577 (2001). Thus, "[t]he existence of probable cause at the time of the arrest. constitutes an absolute bar to a section 1983 action for false arrest." *Kingsland v. City of Miami,* 382 F.3d 1220, 1226 (11th Cir.2004).

---

**2.** The Arrest Affidavit and the Notice of Claim, both public records, may-be properly considered pursuant to Fed.R.Evid. 201 in a Rule 12(b)(6) motion without converting to one for summary judgment. *See Bryant v. Avado Brands, Inc.,* 187 F.3d 1271, 1278

(11th Cir.1999). However, as Plaintiff implicitly alleges that Defendant fabricated the information contained in the Arrest Affidavit, it will not be considered at this stage of the litigation.

In determining whether an official is entitled to qualified immunity, however, the issue is not actual probable cause, but the lesser standard of arguable probable cause. *Montoute v. Carr,* 114 F.3d 181, 184 (11th Cir.1997). For this standard to be met, "the facts and circumstances must be such that the officer reasonably could have believed that probable cause existed." *Id.* Further, "the validity of an arrest does not turn on the offense announced by the officer at the time of the arrest." *Lee,* 284 F.3d at 1195–96. "[S]o long as probable cause existed to arrest the plaintiff for any offense, the arrest and detention are valid even if probable cause was lacking as to some offenses, or even all announced charges." *Whittington v. Town of Surfside,* 490 F.Supp.2d 1239, 1251 (S.D.Fla.2007)(citing *Lee,* 284 F.3d at 1196).

Plaintiff was arrested for violating Fla. Stat. § 316.072(3), which makes it a misdemeanor "for any person willfully to fail or refuse to comply with any lawful order or direction of any law enforcement officer. . . ." However, Plaintiff alleges that he was stopped by Wyatt, ordered not to move his car, and then arrested for failure to obey a lawful order of a police officer. Plaintiff avers that at no time did he indicate that he was going to move his car or fail to obey Wyatt's orders.

There simply is insufficient information on this record to conclude probable cause, or even arguable probable cause, existed for the initial arrest. While the Notice of Claim acknowledges an intent to move his vehicle, Plaintiff avers in the Corrected Amended Complaint that he did not indicate such intention. Specifically, Plaintiff alleges that "[a]t no time during or after Plaintiff conversed with Wyatt did Plaintiff indicate in any way that he was going to move his vehicle" [D.E. 12, ¶ 18],

nor "did Plaintiff struggle with Wyatt, refuse to obey Wyatt's orders regarding handcuffing or prevent Wyatt from handcuffing him" [D.E. 12, ¶ 23]. An unexpressed intent alone cannot serve as the basis for probable cause because there would be no facts or circumstances sufficient to warrant a reasonable belief that the suspect was about to commit a crime. Therefore, on this record, arguable probable cause did not exist to arrest Plaintiff for a violation of Fla. Stat. § 316.072(3).

Additionally, Blackshear was charged with violating Fla. Stat. § 843.02, which makes it a misdemeanor to "resist, obstruct, or oppose any officer . . . without offering or doing violence to the person of the officer." However, "[a]n essential element of resisting an officer without violence is that the arrest is lawful." *Jay v. State,* 731 So.2d 774, 775 (Fla.Dist.Ct.App. 1999). "If an arrest is not lawful, then a defendant cannot be guilty of resisting it." *Id.* "[T]he common law rule still remains that a person may lawfully resist an illegal arrest without using any force or violence." *Id.* Because on this record Plaintiff's initial arrest was not lawful, there was no arguable probable cause to believe Plaintiff resisted a lawful arrest either.

Moreover, there simply is insufficient information on this record to conclude Officer Wyatt was acting within the scope of his discretionary authority. Generally, an officer of a municipality has no official power to arrest outside the officer's municipality. *Porter v. State,* 765 So.2d 76, 78 (Fla.Dist.Ct.App.2000). In this case, Plaintiff was arrested in unincorporated Miami–Dade County. However, Wyatt is a sworn officer of the City of Miami Beach and the current record does not support a conclusion that Wyatt had arrest authority elsewhere in Miami–Dade County.[3] While exceptions to this rule

---

**3.** Miami Beach submitted a Mutual Aid Agreement [D.E. 15–3] which it alleges gave

apply when an officer is acting as a private citizen or is in fresh pursuit, law enforcement officials may not make a citizen's arrest under the color of their office. *Moncrieffe v. State,* 55 So.3d 736, 740 (Fla. Dist.Ct.App.2011).

Nevertheless, regardless of whether Officer Wyatt was acting in his discretionary authority, the facts alleged, now taken as true, would support a claim for a violation of a clearly established constitutional right and therefore Defendant Wyatt is not entitled to qualified immunity. Based thereon, Defendant Wyatt's Motion to Dismiss Count I of the Corrected Amended Complaint is DENIED.

## B. COUNT III—COMMON LAW MALICIOUS PROSECUTION (WYATT)

■ In Count III of the Corrected Amended Complaint, Plaintiff seeks to recover from Defendant Wyatt for malicious prosecution. Under Florida law, the elements of a malicious prosecution claim are: "(1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding." *Kingsland,* 382 F.3d at 1234 (citation omitted).

■ Defendant Wyatt makes several arguments for dismissal of the common

law malicious prosecution claim. First, Defendant argues that the Plaintiff does not allege that Defendant was the legal cause of the original proceeding. Generally, police officers are not the legal cause of an original proceeding where they are not involved in the decision to prosecute. *See Williams v. Miami–Dade Police Dep't,* 297 Fed.Appx. 941, 947 (11th Cir.2008). However, Blackshear alleges that Wyatt filed false charges and instituted a false criminal action against Plaintiff. Plaintiff further alleges that Wyatt delivered false information to the prosecutor in the form of police reports. Based on the inference that these actions improperly influenced the decision to prosecute, Blackshear has satisfied the common law element that Wyatt was the legal cause of the original prosecution. *See id.* (finding officer legal cause of original prosecution where alleged act of fabricating evidence resulted in prosecutor being presented with false and misleading evidence).

■ Second, Wyatt argues that Plaintiff fails to allege plausible facts to suggest probable cause was absent in the criminal proceeding. As already discussed, Plaintiff has alleged facts suggesting probable cause was absent from the initial arrest. Nothing in the record indicates this changed prior to the initiation of the criminal proceeding. Therefore, no probable cause existed to maintain the original proceeding against Blackshear either. Moreover, where the legitimacy of relevant evidence is disputed, such as the Arrest Affidavit here, the question of whether there is an absence of probable cause is inappropriate at this stage in the litigation. *See id.* at 947–48.

Wyatt the authority to arrest in unincorporated Miami–Dade County. This document is a public record and it may be considered pursuant to Fed.R.Evid. 201 in a Rule 12(b)(6) motion without converting the motion to one for summary judgment. *See Bryant,* 187

F.3d at 1278. However, the Mutual Aid Agreement, by its own terms, did not become effective until 2010. As Defendant's alleged conduct occurred in 2008, the Mutual Aid Agreement is inapposite.

Third, Wyatt argues that the Corrected Amended Complaint fails to sufficiently allege malice such that Plaintiff could plausibly be entitled to relief. However, malice may be averred generally. Fed.R.Civ.P. 9(b). Moreover, "[i]n an action for malicious prosecution, it is not necessary for a plaintiff to prove actual malice; legal malice is sufficient and may be inferred from, among other things, a lack of probable cause, gross negligence, or great indifference to persons, property, or the rights of others." *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So.2d 1352, 1357 (Fla.1994) (citation omitted). In addition to averring malice generally, Plaintiff alleges that Wyatt "knew or should have known that the charges he made against Plaintiff were false, no probable cause existed for the charges and it was taken in the absence of lawful authority" [D.E. 12]. This is sufficient to allege malice on the part of Officer Wyatt.

Finally, Defendant argues that Plaintiff cannot overcome the sovereign immunity provided to Wyatt under Fla. Stat. § 768.28(9)(a). Specifically, Defendant alleges that he "is immunized from common law malicious prosecution because Plaintiff has affirmatively alleged in Count III that Wyatt was a public official acting within the scope of his employment" [D.E. 17]. This is contrary to the plain language of the statute. Florida's Waiver of Sovereign Immunity Statute provides:

> No officer, employee, or agent of the state or any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, **unless such officer, employee, or agent acted in bad faith or with malicious purpose** or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. § 768.28(9)(a) (emphasis added). Thus, the statute offers no protection for Defendant because an officer acting within the scope of his employment can be held personally liable *only* if such officer "acted in bad faith or with malicious purpose...." *Id.* Based on the foregoing, Defendant Wyatt's Motion to Dismiss Count III of the Corrected Amended Complaint is DENIED.

### C. COUNT IV—SECTION 1983 MALICIOUS PROSECUTION (WYATT)

In Count IV of the Corrected Amended Complaint, Plaintiff seeks to recover from Defendant Wyatt for a section 1983 malicious prosecution violation. "[T]he Eleventh Circuit has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Skop v. City of Atlanta*, 485 F.3d 1130, 1144 (11th Cir.2007)(internal citation and quotation marks omitted). "[T]he federal right to be free from malicious prosecution is actually a description of the right to be free from an unlawful seizure which is part of a prosecution." *Wood v. Kesler*, 323 F.3d 872, 882 n. 15 (11th Cir.2003) (internal citation and quotation marks omitted). Malicious prosecution is "the kind of claim where plaintiff, as part of the commencement of the criminal proceeding, has been unlawfully and forcibly restrained in violation of the Fourth Amendment and injuries, due to that seizure, follow as the prosecution goes ahead." *Whiting v. Traylor*, 85 F.3d 581, 584 (11th Cir.1996). Accordingly, to establish a federal malicious prosecution claim under § 1983, a plaintiff must prove: "(1) the elements of the common law tort of malicious prosecution, and (2) a violation of her Fourth Amendment right to be free from unreasonable seizures." *Kingsland*, 382 F.3d at 1234–35 (citation omitted).

Defendant argues that the federal malicious prosecution claim must be dismissed for the same reasons as the common law malicious prosecution claim. In response, Plaintiff argues that "[f]or the same reasons his argument fails [in Count III], it fails [in Count IV]. As noted above, Plaintiff has alleged a viable claim for common law malicious prosecution. However, neither party has addressed the sufficiency of any alleged seizure in regard to this claim.

■■■■ Plaintiff must allege that he was seized in relation to the commencement of the judicial proceeding. *Id.* at 1235. And "[i]n the case of a warrantless arrest, the judicial proceeding does not begin until the party is arraigned or indicted." *Id.* Indeed, "[t]he plaintiff's arrest cannot serve as the predicate deprivation of liberty because it occurred prior to the time of arraignment, and was not one that arose from malicious prosecution as opposed to false arrest." *Id.* (internal citation and quotation marks omitted).

■■■■ Plaintiff alleges that Wyatt delivered false police reports to the prosecutor. It is unclear from the Corrected Amended Complaint at what point Wyatt allegedly delivered false police reports to the prosecutor and exactly what false police reports were given. However, supplying false information in arrest affidavits violates the Fourth Amendment and can provide the basis for a § 1983 claim. *See Jones v. Cannon,* 174 F.3d 1271, 1284–85 (11th Cir.1999). Accordingly, the Court finds that Plaintiff has alleged facts that, at this stage of the litigation, establish he was seized in relation to the prosecution, in violation of his constitutional rights. Based thereon, Defendant's Motion to Dismiss Count IV of the Corrected Amended Complaint is DENIED.

### D. COUNT II–FALSE ARREST (MIAMI BEACH)

■■■■ In Count II of the Corrected Amended Complaint, Plaintiff seeks recovery from Miami Beach for false arrest. Under Florida law, false arrest is "the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and the deprivation of his liberty." *Rivers v. Dillards Dep't Store, Inc.,* 698 So.2d 1328, 1331 (Fla.Dist.Ct.App.1997)(internal citation and quotation marks omitted). Those who proximately cause the false arrest, either directly or by indirect procurement, can be held liable. *Pokorny v. First Fed. Sav. & Loan Ass'n of Largo,* 382 So.2d 678, 681 (Fla.1980). In a false arrest action, probable cause is an affirmative defense that, if established, is a bar to recovery. *Bolanos v. Metro. Dade County,* 677 So.2d 1005, 1005 (Fla.Dist.Ct.App.1996).

■■■ Miami Beach moves to dismiss Plaintiff's false arrest claim against it pursuant to Rule 12(b)(6). Miami Beach argues that Plaintiff's allegations in the Complaint and in his Notice of Claim, as well as the undisputed portion of the Arrest Affidavit, conclusively establish that actual probable cause existed to arrest Blackshear. As already discussed, on this record, Officer Wyatt had neither legal authority nor probable cause to arrest Blackshear. Therefore, Defendant Miami Beach's Motion to Dismiss Count II of the Corrected Complaint [D.E. 15] is DENIED.

### IV. CONCLUSION

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Miami Beach's Motion to Dismiss [D.E. 15] is **DENIED.** It is further

**ORDERED AND ADJUDGED** that Defendant Wyatt's Motion to Dismiss [D.E. 17] is **DENIED**.