TAYLOR, J.
Appellant argues that his motion for judgment of dismissal on the charge of resisting an officer without violence should have been granted. We agree, because the arresting officers’ bare assertion that they were “investigating a possible crime” did not establish reasonable suspicion or probable cause to detain appellant. Thus, the state failed to establish that the officers were acting in the execution of a legal process or duty — an essential element of resisting without violence. We therefore reverse and remand with instructions to discharge appellant.
Appellant was charged by juvenile delinquency petition with attempted robbery (Count I) and resisting an officer without violence (Count II). The evidence at trial established that at about 4:00 p.m. on February 1, 2012, two Boynton Beach police officers were “investigating a possible crime that had taken place” in a public park. Officer Haugh, who was in the area of the park, testified that he spoke with someone about a possible crime that was committed. He then spoke with Officer Medeiros over the radio, prompting Officer Medeiros to pull into the parking lot of the playground area and approach appellant.
Officer Medeiros, who was dressed in full police gear, stepped out of his marked car. Appellant looked at Officer Medeiros, turned away, and started running. Officer Medeiros identified himself as a police officer and yelled for appellant to stop. Officer Medeiros ran parallel to appellant, maintaining a distance of “twenty yards or so.” He yelled a total of about three times for appellant to stop. Meanwhile, Officer Haugh, who was about 50 to 70 yards away, could “clearly hear” Officer Medei-ros yelling.
*653 Appellant gave up and surrendered after he entered an enclosed area of the park. He was then taken into custody without further incident.
The state rested and appellant moved for a judgment of dismissal as to the attempted robbery charge. The state conceded that it failed to present evidence to support Count I, and the trial court therefore granted dismissal of the attempted robbery charge.
Defense counsel also moved for a judgment of dismissal as to the charge of resisting an officer without violence (Count II), arguing in relevant part that the state failed to prove there was a lawful basis to detain appellant. The trial court denied the motion for judgment of dismissal on the resisting count. After closing arguments, the judge found appellant guilty of resisting without violence, stating that “it is the lawful duty of an officer [to investigate] crime.”
The court withheld adjudication and placed appellant on probation.
On appeal, appellant argues that the trial court should have granted his motion for judgment of dismissal, because the state failed to prove that the officer who detained him was engaged in the lawful execution of a legal duty. Appellant asserts that an officer’s mere investigation of crime while on the job is not one of the limited duties — such as serving process, legally detaining a person, or assisting in an emergency — that will support an obstruction charge. Moreover, appellant maintains that the assertion that the officers “were investigating a possible crime” was so broad that the lower court lacked any basis for determining whether the attempt to detain appellant was based on reasonable suspicion or probable cause. Finally, appellant argues that his mere flight did not give rise to a reasonable suspicion that he was engaged in criminal activity where there was no evidence that he was in a high crime area.
The state argues in response that the police were engaged in the lawful execution of a legal duty by conducting a criminal investigation and that appellant resisted them by running away. The state further argues that “the police were clearly engaged in the lawful execution of a legal duty because they had reasonable suspicion to stop appellant.” The state suggests that “if headlong flight from the police in a high-crime area, standing alone, provides the police with reasonable suspicion to support an investigatory stop, then headlong from the police when they arrive at the scene of an alleged crime also provides the police with reasonable suspicion to conduct an investigatory stop.” The state thus maintains that the trial court properly denied appellant’s motion for judgment of dismissal.
“Similar to a judgment of acquittal in a criminal case, the standard of review applicable to a motion for judgment of dismissal in a juvenile case is de novo.” E.F. v. State, 110 So.3d 101, 104 (Fla. 4th DCA 2013). A motion for judgment of dismissal, like a motion for judgment of acquittal, tests the legal sufficiency of the state’s evidence. T.L.T. v. State, 53 So.3d 1100, 1102 (Fla. 4th DCA 2011). “If the trial evidence taken in a light most favorable to the state does not support a conviction, the motion must be granted.” J.P. v. State, 855 So.2d 1262, 1264 (Fla. 4th DCA 2003).
A conviction for resisting an officer without violence requires proof that “(1) the officer was engaged in the lawful execution of a legal duty; and (2) the actions of the defendant obstructed, resisted or opposed the officer in the performance of that legal duty.” A.W. v. State, 82 So.3d 1136, 1138 (Fla. 4th DCA 2012). *654 Regarding whether the officer was performing a legal duty, there is a valid distinction between a police officer in the lawful execution of a legal duty and a police officer who is merely on the job. Jay v. State, 731 So.2d 774, 775 (Fla. 4th DCA 1999). Examples of the lawful execution of a legal duty include: 1) serving process; 2) legally detaining a person; or 3) asking for assistance in an emergency situation.[1] Id. Our court has also held that an officer’s investigation of a 911 call constitutes the lawful execution of a legal duty. Francis v. State, 736 So.2d 97, 99 n. 1 (Fla. 4th DCA 1999).
In resisting cases involving an investigatory detention, the state must prove that the officer had a reasonable suspicion of criminal activity. A.W., 82 So.3d at 1138. As the Third District has stated: “The element of lawful execution of a legal duty is satisfied if an officer has either a founded suspicion to stop the person or probable cause to make a warrant-less arrest. Otherwise, the individual has a right to ignore the police and go about his business.” O.B. v. State, 36 So.3d 784, 786 (Fla. 3d DCA 2010) (citations and internal quotations omitted).
To justify an investigatory stop, there must be a well-founded, articulable suspicion of criminal activity. Popple v. State, 626 So.2d 185, 186 (Fla.1993). Headlong flight in a high crime area is sufficient to provide an officer with reasonable suspicion. See Illinois v. Wardlow, 528 U.S. 119, 124-25, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). Applying Wardlow, the Florida Supreme Court has held that a suspect’s continued flight, within a high crime area, in defiance of a police officer’s verbal order to stop, constitutes the offense of resisting without violence under section 843.02, Florida Statutes. See C.E.L. v. State, 24 So.3d 1181, 1185-89 (Fla.2009).
But flight, standing alone, is not sufficient to establish reasonable suspicion where there is no evidence to demonstrate that the flight took place in a high crime area. R.J.C. v. State, 84 So.3d 1250, 1256 (Fla. 4th DCA 2012); O.B. v. State, 36 So.3d 784, 788 (Fla. 3d DCA 2010); D.R. v. State, 941 So.2d 536, 537-38 (Fla. 2d DCA 2006). When an individual runs away from officers who lack the authority to stop and detain him, that individual is not unlawfully opposing or obstructing officers in the lawful execution of a legal duty. See Slydell v. State, 792 So.2d 667, 674 (Fla. 4th DCA 2001). If the individual “was free to walk away, the individual’s actions cannot constitute obstruction. Otherwise, if [the individual] could be convicted of obstructing without violence, then the individual was not really free to walk away at all.” Blue v. State, 837 So.2d 541, 548 (Fla. 4th DCA 2003).
In this case, the state never offered any evidence to establish that the police had a reasonable suspicion to stop appellant. The officers might very well have had a reasonable suspicion to stop appellant, but the state failed to prove it. Indeed, the prosecutor erroneously cautioned the testifying officers not to reveal the contents of any out-of-court statements describing the *655 “possible crime.”[2] Consequently, all that the state established at trial was that appellant was at a playground in the middle of the afternoon and fled in the presence of officers who were also at the playground investigating a “possible crime.”
The state’s evidence that the officers were investigating a “possible crime” was insufficient to establish that the officers had a reasonable suspicion that appellant had committed or was about to commit a crime. Without information regarding the nature of the incident and how appellant may have been involved, there was no way to determine whether the officers were engaged in the lawful execution of a legal duty when they detained him. See Davis v. State, 973 So.2d 1277, 1279 (Fla. 2d DCA 2008) (“Without information regarding the nature of the complaint the officers were investigating, there was no way to determine whether the officers were engaged in the lawful execution of a legal duty when they detained Davis to investigate the complaint.”).
Furthermore, because the state offered no evidence that appellant was stopped in a high crime area, appellant’s flight alone was insufficient to establish that the officers had a reasonable suspicion of criminal activity.[3] Testimony that a defendant fled in the area where a “possible” crime occurred is simply too vague to allow for a determination that there was reasonable suspicion under the totality of the circumstances. The state failed to present any specific evidence of an additional factor which, when combined with flight, would give rise to a reasonable suspicion in this case. Compare State v. Lewis, 98 So.3d 89, 92 (Fla. 4th DCA 2012) (reversing order granting motion to suppress where defendant ran from a raid on a house immediately following an illegal drug transaction, because “additional factors existed which, when combined with the defendant’s flight, gave rise to a reasonable suspicion of criminal activity”).
Because the state failed to meet its burden of proving that the police had reasonable suspicion to detain appellant, it failed to prove that appellant’s flight obstructed the officers in the lawful execution of a legal duty. See Slydell, 792 So.2d at 674. We therefore reverse and remand with instructions for the trial court to dismiss the charge of resisting without violence.

Reversed and Remanded.

LEVINE and KLINGENSMITH, JJ„ concur.

. Even words alone may constitute obstruction where a defendant resists an officer engaged in these specific legal duties. D.G. v. State, 661 So.2d 75, 76 (Fla. 2d DCA 1995). This is an exception to the general rule that physical conduct must accompany offensive words to support a conviction for resisting without violence. See Francis v. State, 736 So.2d 97, 98-99 (Fla. 4th DCA 1999) (affirming conviction for resisting without violence where the defendant blocked the path of an officer who was investigating the condition of a medically distressed child in response to a 911 call).

. The out-of-court statements would have been admissible for the non-hearsay purpose of establishing reasonable suspicion. See S.D.T. v. State, 33 So.3d 779, 780 (Fla. 4th DCA 2010) ("The state offered the BOLO not to prove the truth of its contents—that the suspects had committed a theft—but to establish that the arresting officer was engaged in the lawful execution of a legal duty at the time of the stop. Regardless of the truth of the statements in the BOLO, the officer was justified in relying on it to make an investigatory stop.”).

. We decline the state's invitation to extend Wardlow and find that reasonable suspicion exists any time flight occurs while the police are investigating a "possible” crime, even if the flight does not occur in a high crime area.