NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

D.L.S., a child,                          )
                                          )
            Appellant,                    )
                                          )
v.                                        )        Case No.  2D14-5216
                                          )
STATE OF FLORIDA,                         )
                                          )
            Appellee.                     )
                                          )
_____     )

Opinion filed June 10, 2016.

Appeal from the Circuit Court for County;
Hillsborough County, Rex M. Barbas,
Judge.

Howard L. Dimmig, II, Public Defender, and
Cynthia J. Dodge, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and John M. Klawikofsky,
Assistant Attorney General, Tampa, for
Appellee.


LaROSE, Judge.


            D.L.S., a juvenile placed on probation, appeals the withhold of

adjudication of delinquency and the denial of his motion for dismissal.  See Fla. R. Juv.

P. 8.110(k).  The State charged D.L.S. with obstruction of an officer without violence.

See § 843.02, Fla. Stat. (2014).  We have jurisdiction.  See Fla. R. App. P. 9.145(b)(1).

The trial court erred in denying D.L.S.'s motion for dismissal. Consequently, we reverse the withhold of adjudication and vacate the order of probation.

A Tampa police officer was dispatched to a disturbance at Belmont Heights. When he arrived, he saw several teenagers outside yelling profanities. D.L.S. was part of this group. The officer tried to disperse the crowd. D.L.S. told the crowd that they did not have to listen to the officer. The officer summoned D.L.S., but D.L.S. walked away. The officer continued to tell D.L.S. to stop. The officer pursued D.L.S. and detained him a few blocks away.

We review the denial of a juvenile's motion for dismissal de novo. E.A.B. v. State, 851 So. 2d 308, 310 (Fla. 2d DCA 2003). "If the State did not present sufficient evidence to establish a prima facie case of the crime charged . . . dismissal is proper." Id.

To prove the charges against D.L.S., the State had to show that the officer was engaged in the lawful execution of a legal duty and that D.L.S.'s action obstructed the exercise of that duty. See Francis v. State, 736 So. 2d 97, 98-99 (Fla. 4th DCA 1999). Words alone rarely, if ever, rise to the level of an obstruction unless the officer is executing process on a person, legally detaining a person, or asking for assistance with an ongoing emergency. D.G. v. State, 661 So. 2d 75, 76 (Fla. 2d DCA 1995); R.E.D. v. State, 903 So. 2d 206, 207 (Fla. 3d DCA 2004).

No one disputes that the officer was responding to a disturbance. He testified, however, that he was not detaining anybody when he summoned D.L.S. to stop. He was not executing process, nor was he seeking assistance with an ongoing emergency. Under those circumstances, we are hard pressed to conclude that D.L.S.'s words obstructed the officer. See D.G., 661 So. 2d at 76.

- 2 -

To the extent that the State argues that the officer wanted to detain D.L.S. for investigatory purposes, "the State is required to show that the officer had a reasonable suspicion that the detainee was committing a crime." C.N. v. State, 49 So. 3d 831, 833 (Fla. 2d DCA 2010); A.R. v. State, 127 So. 3d 650, 654 (Fla. 4th DCA 2013). "[T]he State must establish that the defendant fled from the officer with knowledge of the officer's intent to detain him and that the officer was justified in making the detention based on a founded suspicion that the defendant was engaged in criminal activity." E.A.B., 851 So. 2d at 311. Even if the officer was engaged in the lawful performance of a legal duty—dispersing a crowd—he had no founded suspicion to stop or arrest D.L.S. Thus, because "the arrest itself was unlawful, a prosecution for resisting arrest without violence under section 843.02, must also fail." Johnson v. State, 395 So. 2d 594, 596 (Fla. 2d DCA 1981); Jay v. State, 731 So. 2d 774, 776 (Fla. 4th DCA 1999) (holding that the attempted arrest was illegal so the defendant was free to resist such an arrest without violence).

D.L.S. was not committing a crime by telling the crowd that they could ignore the officer. There is no evidence that D.L.S.'s comments instigated any reaction by the crowd. "When an individual runs away from officers who lack the authority to stop and detain him, that individual is not unlawfully opposing or obstructing officers in the lawful execution of a legal duty." A.R., 127 So. 3d at 654.

The trial court's denial of D.L.S.'s motion for dismissal was error. Although D.L.S.'s "conduct was the type of verbal harassment that, while understandably annoying to any reasonable police officer, does not rise to the level of obstruction necessary to permit a conviction that is not violative of First Amendment principles." D.A.W. v. State, 945 So. 2d 624, 625 (Fla. 2d DCA 2006).

- 3 -

Reversed; probation order vacated.

WALLACE and BADALAMENTI, JJ., Concur.